**In re The MARRIAGE of Bonnie B. and Lee A. DAVIS.**

**Bonnie B. DAVIS, Respondent-Appellant,**

v.

**Lee A. DAVIS, Petitioner-Appellee.**

**No. 1–878A220.**

Court of Appeals of Indiana,
First District.

Oct. 10, 1979.

Rehearing Denied Nov. 16, 1979.

John J. Dillon, William T. Rosenbaum, Dillon, Hardamon & Cohen, Indianapolis, for respondent-appellant.

Jay D. Allen, Allen & Thompson, Salem, for petitioner-appellee.

LOWDERMILK, Presiding Judge.

### STATEMENT OF THE CASE

Respondent-appellant, Bonnie B. Davis, brings this appeal following the granting of

petitioner-appellee, Lee A. Davis', petition for dissolution of marriage. Bonnie specifically challenges the distribution of property which accompanied the decree.

## FACTS

The facts most favorable to the decree indicate that Lee and Bonnie Davis were married on March 24, 1954. At the time of their marriage Lee owned an automobile business in Salem, Indiana and Bonnie was employed by Link Handle Company.

Davis Enterprises, Inc., the family corporation and asset-in-issue in this case, was formed in 1960. Lee's mother contributed real estate in exchange for 300 shares. These shares were cashed in at a later date. Lee and Bonnie contributed cash and real estate (their home, a farm Bonnie had inherited, etc.) for 230 and 220 shares, respectively. Lee has since served as the corporation's president and general manager. Bonnie has continued to work at Link Handle Company, with the exception of two years during the corporation's infancy when she ran the motel on a full-time basis. She has provided considerable service to the corporation over the years.

The final separation of the parties occurred on April 17, 1977. At that time, Davis Enterprises held the vast majority of the parties' assets, including: motel, laundry, apartments, family residence, farm, motor vehicles, etc., with a total value (less total liabilities) of approximately $425,000.00.

In recent years, Lee was totally in charge of corporate operations. As mentioned above, Bonnie continues in the employ of Link Handle Company where her annual gross income in recent years averaged in excess of $18,000.00.

Following is a summary of the trial court's division of assets, pursuant to IC 1971, 31–1–11.5–11 (Burns Code Ed., Supp. 1976):

### Wife

| | | |
|---|---|---|
| a. | Wife's checking account | $ 2,000.00 |
| b. | Union Federal account | 18,058.00 |
| c. | Thunderbird automobile | 6,229.00 |
| d. | Bonus | 10,081.00 |

### Wife

| | | | |
|---|---|---|---|
| e. | Salem Savings & Loan account | 5,000.00 | |
| f. | IRA account | 3,000.00 | |
| g. | Farmers-Citizens Certificate | 3,500.00 | |
| h. | Household goods | 2,609.00 | |
| i. | Salem Savings & Loan account | 540.00 | |
| j. | House | 63,410.00 | |
| k. | Farm | 15,150.00 | |
| l. | Cash award | 73,949.00 | |
| | | $203,526.00 | (40)% |

### Husband

| | | | |
|---|---|---|---|
| a. | Business (net value) | $346,576.00 | |
| b. | Husband's checking account | 339.00 | |
| c. | IRA account | 1,500.00 | |
| d. | Buick automobile | 900.00 | |
| e. | Equity in contract | 3,822.00 | |
| f. | Life Insurance—cash value | 3,688.00 | |
| | | 356,825.00 | |
| | Minus cash award (1.) | | |
| | liability | 73,949.00 | |
| | | $282,876.00 | (60)% |

## ISSUES

Bonnie's appeal raises four issues:

1. Whether it was error for the trial court to consider the wife's bonus which was earned subsequent to the final separation of the parties as a part of the marital estate.

2. Whether the trial court abused its discretionary authority by failing to specifically award the wife a reasonable sum as back salary for services performed on behalf of and at the request of the corporation.

3. Whether the trial court abused its discretionary authority by failing to award the wife any of the three income-producing properties owned by the parties.

4. Whether it was an abuse of discretion for the trial court to fail to require the husband to secure the alimony judgment.

## DISCUSSION AND DECISION

This appeal arises under the Dissolution of Marriage Act, IC 1971, 31–1–11.5–1 *et seq.* (Burns Code Ed., Supp.1976). The errors asserted relate to whether the property division was "just and reasonable" under IC 31–1–11.5–11 and IC 31–1–11.5–15.

■ It is settled law that the disposition of assets is a matter within the sound discretion of the trial court, and reversal is proper only when the result is " 'clearly

against the logic and effect of the facts and circumstances before the court.' " *Weiss v. Weiss,* (1974) 159 Ind.App. 231, 306 N.E.2d 120, 125. Thus, we will not weigh the evidence, but only examine for an abuse of discretion. *Johnson v. Johnson,* (1979) Ind. App., 389 N.E.2d 719; *Wilcox v. Wilcox,* (1977) Ind.App., 365 N.E.2d 792.

■ It is also settled that a "just and reasonable" division of property does not require the trial court to divide the property equally between the parties. *In re Marriage of Dougherty,* (1978) Ind.App., 371 N.E.2d 1328; *In re Marriage of Patus,* (1978) Ind.App., 372 N.E.2d 493; *In re the Marriage of Osborne,* (1977) Ind.App., 369 N.E.2d 653.

■ We find that the court's overall disposition of the marital assets was just and reasonable, and evidenced due consideration of the factors set forth in IC 31–1–11.5–11:

" * * *

(a) the contribution of each spouse to the acquisition of the property, including the contribution of a spouse as homemaker;

(b) the extent to which the property was acquired by each spouse prior to the marriage or through inheritance or gift;

(c) the economic circumstances of the spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell therein for such periods as the court may deem just to the spouse having custody of any children;

(d) the conduct of the parties during the marriage as related to the disposition or dissipation of their property;

(e) the earnings or earning ability of the parties as related to a final division of property and final determination of the property rights of the parties. . . ."

We affirm.

*Issue One*

The parties were separated on April 17, 1977. On July 31, 1977 Bonnie received a bonus of over $10,000 from her employer, Link Handle Company. The bonus, which was based upon the corporate president's personal appraisal of her efforts, did not accrue until sometime after the end of the company's fiscal year—May 31st.

IC 31–1–11.5–11 provides:

"In an action pursuant to section 3(a) [subsection (a) of 31–1–11.5–3], *the court shall divide the property* of the parties, whether owned by either spouse prior to the marriage, *acquired* by either spouse in his or her own right after the marriage and *prior to final separation* of the parties, or acquired by their joint efforts, in a just and reasonable manner, . . .." (Our emphasis)

In *Osborne, supra,* at page 655 of 369 N.E.2d, we stated:

". . . It appears that the legislature intended that property acquired by either spouse in his or her own right after the final separation should not be considered a marital asset subject to division. . . ."

The decree of dissolution entered in this matter states:

" * * *

5. That the Husband and Wife have accumulated *during their marriage* certain properties in their own names or in joint names which are as follows:

* * * * * *

j. Salary bonus of Wife from Link Handle Company earned as of July 31, 1977; . . .

6. The Court further finds that a fair and equitable *division* of this property is as follows:

A. WIFE:

* * * * * *

4. Salary bonus from Link Handle Company earned as of July 31, 1977; * * *" (Our emphasis)

It is clear that the trial court included the bonus in the marital assets available for division under IC 31–1–11.5–11.

■ On numerous occasions we have considered the issue of whether a spouse was presently possessed of a pecuniary value which was available to the trial court for

division as a qualified marital asset. *Loeb v. Loeb,* (1973) 261 Ind. 193, 301 N.E.2d 349 (decided under prior law); *Libunao v. Libunao,* (1979) Ind.App., 388 N.E.2d 574 (pension, profit-sharing, and retirement plan included); *Hiscox v. Hiscox,* (1979) Ind.App., 385 N.E.2d 1166 (military retirement pay not included); *Goodwill v. Goodwill,* (1978) Ind.App., 382 N.E.2d 720 (retirement benefits not included); *Savage v. Savage,* (1978) Ind.App., 374 N.E.2d 536 (future monthly pension payments not included); *Osborne, supra,* (right of inheritance included). Upon review of the record in this case, we find that Bonnie was not possessed of a present interest in the bonus at the time of the parties' final separation. Thus, it should not have been included in the marital assets subject to division under IC 31–1–11.5–11.

However, this does not mean that the bonus should have been totally disregarded. The bonus was properly taken into consideration by the trial court in determining the just and reasonable manner in which the parties' total assets were to be distributed. IC 31–1–11.5–11 provides that the court may take into account:

"  *  *  *

(c) the economic circumstances of the spouse at the time the disposition of the property is to become effective, .   .   .

 *     *     *     *     *     *

(e) the earnings or earning ability of the parties as related to a final division of property and final determination of the property rights of the parties. .   .   ."

■ Although the actual awards under a property settlement should consist of qualified marital assets, in this case we find no harm resulted from the inclusion, as is evidenced by the balanced, overall disposition. We find no abuse of discretion.

*Issue Two*

Bonnie argues that the trial court abused its discretion in awarding substantially all the income-producing assets to Lee. In making the argument, she asserts the trial court divided assets in this matter simply because she is a woman. Bonnie asserts that an apportionment based on sex, if not inherently unjust and unreasonable, is particularly unjustifiable in this case in light of the fact that she is a successful businesswoman in her own right.

In *Osborne* at page 656 of 369 N.E.2d, we stated:

".   .   . It would therefore appear that the legislative intent to be considered in ascertaining what is just and reasonable depends upon the facts before the court and that those facts are to be analyzed essentially without reference to sex."

We uphold the validity of this statement, but do not find that the trial court's division of assets evidences a sexual bias and an abuse of discretion.

IC 31–1–11.5–11 states that the trial court shall divide the property in a just and reasonable manner,

".   .   . either by division of the property in kind, *or by setting the same or parts thereof over to one [1] of the spouses and requiring either to pay such sum, either in gross or in installments, as may be just and proper,* or by ordering the sale of the same under such conditions as the court may prescribe and dividing the proceeds of such sale.

 *  *  * " (Our emphasis)

The trial court has statutory authorization to apportion the assets in this manner. The record shows that Lee has been, by and large, solely responsible for corporate affairs, and that the corporation is his only source of income; Bonnie has substantial income from Link Handle Company.[1] There is also sufficient evidence to indicate that the corporate businesses can operate or be operated most efficiently as a single unit.

■ We find the trial court's decision that the long-term interests of the parties would be best served if Lee were allowed to retain and manage the entire corporate as-

---

1. The evidence shows she is a secretary and officer of Link Handle Company, where, in recent years, she has received an annual income in excess of $18,000.

sets, and pay a substantial cash award over time, has a rational basis. *See Burkhart v. Burkhart,* (1976) Ind.App., 349 N.E.2d 707.

We do not intend to encourage the award of income-producing and non-income producing assets along traditional lines in all cases. Nevertheless, we are unable to deem this particular apportionment an abuse of discretion.

*Issue Three*

 Bonnie asserts that the trial court abused its discretion by failing to award her "reasonable compensation" for her part in making the corporation—particularly the motel where she worked for two years—a successful enterprise.

It goes without saying that a corporate officer employee is entitled to fair compensation for his or her services. However, as is the case in many family or closely held corporations, stockholding officers and employees may agree to forego the usual compensation in order to increase operating capital and encourage corporate growth. There is evidence Bonnie opted for the long-term rewards, and it appears the trial court reasonably decided that she would be adequately compensated in the overall disposition of assets where the increased value of the corporation was taken into consideration.

We find no abuse of discretion.

*ISSUE FOUR*

 Finally, Bonnie asserts that the trial court abused its discretion by failing to provide security for the $100,000 cash award.[2]

IC 31–1–11.5–15 provides:

"Upon entering an order pursuant to section 11 [31–1–11.5–11] or 12 [31–1–11.-5–12], the court *may provide for such security, bond or other guarantee that shall be satisfactory to the court* to secure the obligation to make child support payments or to secure the division of property. . . ." (Our emphasis)

The statutory language obviously affords the court the broadest possible discretion in requiring security for the payment of support and the division of marital property.[3] As we have made clear throughout this opinion, we will not substitute our judgment for that of the trial court. Neither will we impose a greater obligation upon the trial court to require security than the legislature has imposed. We are troubled by the fact that Bonnie was dispossessed of her holdings—a little less than one-half of the total stock outstanding—in exchange for certain valuable property and $100,-000.00 payable over 130 months. We question the wisdom of giving an unsecured, personal debt in exchange for such assets, but, in light of the statutory provisions and the evidence before the trial court, we are unable to deem it an abuse of discretion.

Judgment affirmed.

ROBERTSON and NEAL, JJ., concur.

---

2. The $100,000 cash award was, in the listing of assets, discounted to what Bonnie computed to be its present value, in keeping with our holding in *Burkhart, supra.*

3. See *Eppley v. Eppley,* (1976), Ind.App., 341 N.E.2d 212, decided under repealed IC 1971, 31–1–12–17 (Burns Code Ed.).