Edward E. SCHNARR,
Respondent-Appellant,

v.

Marsha Sherylene SCHNARR,
Petitioner-Appellee.

No. 1–785A177.

Court of Appeals of Indiana,
First District.

April 16, 1986.

Edward W. Najam, Jr., Bloomington, for respondent-appellant.

Roger S. Curry, Jasper, for petitioner-appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Appellant, Edward E. Schnarr (Husband), appeals from a judgment entered in the Lawrence Circuit Court dissolving his marriage to appellee, Marsha Sherylene Schnarr (Wife), awarding custody of the couple's children, and disposing of marital assets. We reverse.

## FACTS

Husband and Wife were married on June 28, 1975. Three children were born of this marriage. Then, on March 19, 1984, Wife filed her Petition for Dissolution of Marriage.

On December 18, 1984, following the final hearing, the trial court entered its Dissolution Decree. The decree awarded custody of the children to Wife, granted Husband visitation rights, and ordered him to pay child support of approximately $167.00 per week. Finally, Husband was ordered to pay Wife's attorney's fees of $2,500.00.

Husband subsequently filed a motion to correct error challenging the decree's provisions governing property division and visitation rights. In response to that motion, the trial court adjusted its original division

of marital assets. It affirmed the remainder of the original decree however. Husband now appeals only the trial court's marital property division provisions.

### ISSUES

The parties have presented argument on several issues. Because we reverse, however, we need discuss only the following:

1. Whether Husband has waived appellate consideration of any errors alleged to have occurred in the trial court.

2. Whether the trial court's division of the marital assets was just and reasonable.

### DISCUSSION AND DECISION

### ISSUE ONE

Prior to reaching the merits of this appeal, it is necessary to address a preliminary issue raised by Wife's appellate brief. She contends, for various reasons, that Husband has failed to preserve any error for appellate review. Although we find each of the four bases set out by Wife in support of this contention meritless, we will briefly discuss each.

■ Initially, Wife contends that Husband's failure to include certain errors in his motion to correct errors resulted in a waiver of those errors. The error on which we base our decision, however, was presented in the original motion. Husband clearly challenged the trial court's division of marital property provisions as "... unjust and unreasonable and clearly against the logic and effect of the facts and circumstances before the Court and the reasonable and probable deductions to be drawn therefrom...." Appellant's Motion to Correct Error, Record at 2. Although on appeal his basic contention remains unchanged, the trial court's partial grant of Husband's motion necessitated a modification and expansion of his original arguments in support of that contention. In essence, Wife argues that Husband was required to file a second motion to correct error specifically addressing the changes occassioned by the trial court's partial grant of the first motion. This, however, is not the law in Indiana. While Husband certainly had the opportunity to file a second motion, none was required. *Breeze v. Breeze* (1981), Ind., 421 N.E.2d 647, 649; *P–M Gas & Wash Co. v. Smith* (1978), 268 Ind. 297, 303, 375 N.E.2d 592, 595; Indiana Rules of Procedure, Trial Rule 59(F). Once the first motion to correct error is made and acted upon by the trial court, "... whatever action the trial court takes, then the items specified in that motion, and the trial court's disposition constitute the basis for appellant's appeal." *P–M Gas & Wash*, at 303, 375 N.E.2d at 595. Clearly, Husband properly preserved the error addressed below.

■ Wife next contends that Husband waived appellate review because he failed to provide a complete record of the proceedings. She points to two portions of her testimony which were allegedly omitted. The first portion deals with the amount of child support Wife was requesting and, therefore, is irrelevant to our consideration here. A second portion of Wife's testimony allegedly dealt with Husband's yearly income. However, Wife has demonstrated neither what her purported testimony was nor what prejudicial effect its omission could have on our consideration of this appeal. Furthermore, we note that Wife could have petitioned this court to supplement the record at Husband's expense but has failed to do so. Wife's arguments do not justify waiver.

The third contention raised by Wife is that Husband's statement of the facts is argumentative and presents evidence in a light most favorable to himself. However, Husband's statement, unlike Wife's, appears to present a fair and accurate summary of the trial court's findings and conclusions and the facts which support them. Thus, no waiver is justified on this basis.

Finally, Wife contends that Husband's request for relief is defective because it seeks an incorrect result. We view this merely as an attack on the merits of Husband's appeal and not a valid basis for

waiver. Thus, as with her other contentions, this argument is meritless.

ISSUE TWO

Although Husband has presented several arguments for reversal of the trial court's marital property division provisions, we need address only one. He asserts that the final division arrived at by the trial court was not just and reasonable. Based upon the evidence presented in the record and the trial court's own findings we must agree.

In Indiana, the Dissolution of Marriage Act is the only vehicle available for the division of marital assets. *Anderson v. Anderson* (1979), Ind.App., 399 N.E.2d 391, 398. Those provisions require the trial court to divide the parties' property "in a just and reasonable manner." Indiana Code section 31-1-11.5-11(b) (Burns Supp. 1985). The Act also provides the trial court with some guidance in making an appropriate division. It states:

"(c) In determining what is just and reasonable, the court shall consider the following factors:

(1) The contribution of each spouse to the acquisition of the property, including the contribution of a spouse as homemaker.

(2) The extent to which the property was acquired by each spouse prior to the marriage or through inheritance or gift.

(3) The economic circumstances of each spouse at the time disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell in that residence for such periods as the court may deem just to the spouse having custody of any children.

(4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.

(5) The earnings or earning ability of the parties as related to a final division of property and final determination of the property rights of the parties."

Indiana Code section 31-1-11.5-11(c) (Burns Supp.1985). Of course a just and reasonable division of the marital assets does not necessarily require an equal division. *Van Riper v. Keim* (1982), Ind.App., 437 N.E.2d 130, 132; *Irwin v. Irwin* (1980), Ind.App., 406 N.E.2d 317, 319; *In re Marriage of Julien* (1979), Ind.App., 397 N.E.2d 651, 654; *In Re Marriage of Davis* (1979), 182 Ind.App. 342, 345, 395 N.E.2d 1254, 1257, *trans. denied.* However, there must be a rational basis for the division ultimately arrived at by the trial court. *Van Riper*, at 132; *Julien*, at 654.

In reviewing the trial court's decision this court applies a strict standard. It is well settled that the disposition of marital assets is committed to the sound discretion of the trial court. *Hoyle v. Hoyle* (1985), Ind.App., 473 N.E.2d 653, 657; *In re Marriage of Rupp* (1983), Ind.App., 449 N.E.2d 1164, 1166. Thus, we will not reweigh the evidence or judge the credibility of the witnesses who provided it. Rather we will consider only that evidence most favorable to the trial court's disposition and the reasonable inferences which can be drawn therefrom. Reversal is justified only when the result reached is clearly against the logic and effect of the facts and circumstances before the trial court. *Rupp*, at 1166; *Dahlin v. Dahlin* (1979), Ind.App., 397 N.E.2d 606, 608; *Davis*, 182 Ind.App. at 345, 395 N.E.2d at 1256-57. In other words, Husband must demonstrate that the trial court abused its discretion when it divided the parties' marital assets.

The trial court's final division of marital property provisions can best be summarized as follows:

WIFE

Assets

| | |
|---|---|
| Cash settlement from Husband | $ 88,000 |
| Residence | 55,000 |
| Certificate of Deposit | 40,000 |
| Household goods & furnishings | 12,000 |

| Assets | | |
|---|---|---|
| **WIFE** | | |
| 1983 Chrysler New Yorker | $ 12,000 | |
| Boat & accessories | 7,000 | |
| 1965 Corvette | 7,000 | |
| John Deere Tractor | 1,000 | |
| One-half cash accumulated in Dairy Queen business accounts as of 11–21–84 | 10,000 | |
| | | $232,000 |
| **Liabilities** | | |
| Debt Due on 1983 Chrysler New Yorker | $ 12,000 | |
| Mortgage & note on residence | 23,700 | |
| | | $ 35,700 |
| **Net Marital Assets Distributed to Wife** | | **$196,300** |

| Assets | | |
|---|---|---|
| **HUSBAND** | | |
| Schnarr Corporation Stock | $162,980 | |
| Dairy Queen Real Estate | 76,470 | |
| Blazer | 6,000 | |
| IRA | 4,000 | |
| Husband's Personal Property | n/v† | |
| | | $249,450 |
| **Liabilities** | | |
| Dairy Queen Business Debt | 141,900 | |
| Cash settlement to Wife | 88,000 | |
| One-half cash accumulated in Dairy Queen business accounts as of 11–21–84 | 10,000 | |
| | | $239,900 |
| **Net Marital Assets Distributed to Husband** | | **$ 9,550** |

† Wife asserts that a $12,000 value should be ascribed to Husband's personal property. However, it seems clear that the trial court concluded that this asset had no value.

Therefore, of the net marital assets of $205,850 available for distribution, Wife received approximately 95.4% and Husband received approximately 4.6%.

Careful review of the trial court's findings and the record upon which they are based reveal no rational basis for this great disparity. The trial court's division requires Husband to pay Wife a cash settlement of $88,000, plus interest, over a five year period. As a practical matter, this leaves Husband with but two options. He can liquidate the Dairy Queen business, his sole source of income. He could also pay Wife's settlement out of his income of approximately $30,000 per year. When the trial court's child support and attorney fee awards are also considered it is clear that this option would leave Husband with little if any income to support himself. The evidence presented bearing on the factors set out in Ind. Code § 31–1–11.5–11(d) established that both Husband and Wife had received identical training in the operation of the Dairy Queen. They also had essentially the same work experience although Wife did greatly curtail her work schedule after the birth of the couple's first child in 1977. It also appears that Wife brought $5,000 into the marriage. The trial court's findings, however, relied upon Husband superior earning potential as the sole basis for awarding Wife nearly 96% of the net marital assets. *See* Ind. Code § 31–1–11.5–11(c)(5). While Husband's $30,000 per year income may justify some disparity, alone, it does not support the ultimate result

reached by the trial court. This is particularly true where, as here, the net marital assets available for distribution exceeded $200,000. Clearly, the trial court's division of the marital assets was neither just nor reasonable.

The judgment of the trial court disposing of the parties' marital assets is reversed and this cause is remanded for further proceedings consistent with this opinion.

ROBERTSON, P.J., and NEAL, J., concur.