James H.S. OLDS, III, Appellant
(Petitioner Below),

v.

Wanda J. OLDS, Appellee
(Respondent Below).

No. 02A03–8804–CV–94.

Court of Appeals of Indiana,
Third District.

Dec. 27, 1988.

Alan K. Hofer, Fort Wayne, for appellant.

Christopher C. Myers, Myers & Wagoner, Fort Wayne, for appellee.

HOFFMAN, Judge.

Appellant James H.S. Olds III appeals the trial court judgment dissolving his marriage to Wanda J. Olds. James Olds III presents the following issues for review:

(1) whether the husband's pension from the United States Postal Service is a divisible marital asset;

(2) whether the trial court abused its discretion in the order for child custody and visitation;

(3) whether the trial court abused its discretion in the division of marital property, the award of attorney fees and the order for the children's educational support; and

(4) whether the trial court erred in failing to state the correct age of Virginia Olds.

Appellant argues that the trial court erred in finding that James Olds III's pension was a divisible marital asset. A trial court can include pension benefits as divisible marital assets if those benefits would not be forfeited upon termination of employment or that are vested, but that are payable after the dissolution of the marriage. IND.CODE § 31–1–11.5–2(d)(2) (1987 Supp.). The trial court determined that appellant's pension with the United States Post Office was vested and subject to division as a marital asset.

As a postal service employee, James Olds III is part of the Civil Service Retirement System. 39 U.S.C. § 1005 (1982 ed.). To be eligible for a civil service pension, an employee must have at least 5 years service and be subject to the retirement law for at least 1 out of 2 years before ending government service. 5 U.S.C. § 8333 (1982 ed.) If an employee meets the eligibility requirements and stops working for the government before normal retirement age, the employee has the option of taking a deferred pension at age 62 or taking an immediate lump sum refund of pension benefits. 5 U.S.C. §§ 8338 and 8342 (1982 ed.).

■ At the final separation date, James Olds III had worked 7 years for the postal service. His right to normal retirement benefits would not be forfeited upon the attainment of retirement age if he had terminated his employment at the time of the final separation date. James Olds III's civil service pension benefits were vested at the time of final separation and were correctly included in the pot of divisible marital assets.

■ James Olds III contends the trial court erred in the order for child custody and visitation. The trial court ruled that Wanda Olds should have custody of the children born of the marriage. Wanda Olds has developed a close bond with the children. She provides suitable and proper care for the children. James Olds, III battered his wife, conducted extramarital affairs and displayed a violent, aggressive and abusive personality. The trial court effectively applied the statutory factors for determining custody listed at IND.CODE § 31–1–11.5–21(a) (1987 Supp.). The trial court entitled James Olds, III to visitation the first weekend of each month and other visitations as the parties may agree. The trial court did not abuse its discretion in the custody and visitation orders.

James Olds, III contends the trial court abused its discretion regarding the division of marital property, the award of attorney fees, and the order for child support.

The standard of review regarding the division of marital property, the award of attorney fees, and the order for child support payments is one and the same. The trial court has discretionary power to act in all of these areas. It is only the abuse of such discretion which is reviewable on appeal. The presumption in favor of the correct action of the trial court is one of the strongest presumptions applicable to the consideration of a case on appeal. The trial court action will not be reversed for an abuse of discretion unless there is shown to have been an erroneous conclusion and judgment clearly against the logic of the facts and circumstances and the deductions to be drawn therefrom. The reviewing court does not reweigh the evidence and considers only evidence and reasonable inferences most favorable to the appellee. *Baker v. Baker* (1986), Ind.App., 488 N.E.2d 361, 364.

The trial court's disposition of property must be looked at as a whole, not item by item. *Hoyle v. Hoyle* (1985), Ind.App., 473 N.E.2d 653, 657. In the property division, James Olds III was given the marital residence, an I.R.A. worth $1,082.50, guns worth $605.00, a Renault automobile and a pickup truck. Wanda Olds was given equity in real estate worth $6,915.53, one-half of the present value of the civil service pension worth $4,518.24, a money judgment worth $4,518.24, a Plymouth automobile and household items. The division of property followed the guidelines set out in IND. CODE § 31-1-11.5-11(c) (1987 Supp.). There is ample evidence indicating a just and reasonable division within the trial court's discretion.

In determining an award of attorney fees in an action under the divorce statute, the trial court must consider the resources of the parties, their economic condition, the ability of the parties to engage in gainful employment and earn adequate income, and such other factors as bear on the reasonableness of the award. IND.CODE § 31-1-11.5-16 (1987 Supp.)

The trial court ordered James Olds III to pay Wanda Olds' attorney fees and expert witness fees totaling $11,043.02.

James Olds III enjoyed superior earning power. James Olds III made $27,400.00 a year from the postal service. He derived income from the Army Reserve and part-time work as a security guard. Wanda Olds earned less than $12,000.00 a year. Considering the disparity in the parties' incomes, the trial court did not abuse its discretion on this issue.

James Olds III finally argues that the trial court erred in its child support order. The trial court ordered James Olds III to pay the cost of the education of the children in the Lutheran school system until both graduated from high school.

IND.CODE § 31-1-11.5-12(a)(3) (1987 Supp.) requires the trial court to consider the educational needs of the child when it determines a reasonable amount of support for the child.

IND.CODE § 31-1-11.5-12(b)(1) (1987 Supp.) permits the court to include in its support order sums for the child's education in schools and at institution of higher learning. The statutory language clearly distinguishes education in schools and education at institutions of higher learning and allows the inclusion of the costs for either or both. To do otherwise would tend to impair our paramount concern for the best interests of the child. The cost of a parochial school education may be included by a court in determining an amount reasonable for support of a child. *Holman v. Holman* (1985), Ind.App., 472 N.E.2d 1279, 1285. The trial court did not abuse its discretion on this issue.

In paragraph 6 of the findings of fact, the trial court stated that Virginia Olds was age 5 when she was actually age 7. The trial court is ordered to correct this mistake.

Affirmed with instructions.

Costs are taxed to the appellant.

GARRARD, P.J., and ROBERTSON, J., concur.