David L. EULER,
Respondent–Appellant,

v.

Mary E. EULER, Petitioner–Appellee.

No. 39A01–8808–CV–00259.

Court of Appeals of Indiana,
First District.

May 11, 1989.

a waitress; David first worked at Cummins Engine Company but was unable to continue employment because of ill health. At the time of the marriage Mary had approximately $15,000.00 in cash, some household furnishings and appliances, and an automobile valued at $2,500.00. David brought to the marriage approximately $6,500.00 in cash, household furnishings and appliances, and an automobile valued at $9,200.00. The parties lived in a rented home with Mary's teenage son. The parties paid for household expenses with income from Mary's job, David's job, David's disability payments, and from David's farm sale transaction. Mary also received Forty Dollars ($40.00) per week in child support which was saved and used to purchase a car for her son.

During the marriage David became ill with heart problems and also under went surgery to amputate part of each of his feet. Mary cared for David during his illness. The parties shared a joint bank account and used their income to purchase marital assets.

Mary and David separated on September 21, 1987, and divided the cash then on deposit in their joint checking account. On that date Mary filed a petition for dissolution of marriage. Following a bench trial, the court entered a decree of dissolution on July 12, 1988. The decree divided the marital property, awarded Mary a money judgment in the amount of $8,800.00, and ordered David to pay Mary's costs and attorney's fees totalling $2,491.00. David brings this appeal challenging the division of property and award of costs and attorney's fees.

Harold W. Webster, Webster and Webster, North Vernon, for respondent-appellant.

Joseph A. Colussi, Eckert, Alcorn, Goering & Colussi, Madison, for petitioner-appellee.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Respondent in dissolution proceeding appeal from judgment in favor of the petitioner regarding the division of marital property. We affirm in part and remand.

## FACTS

David and Mary Euler were married on January 21, 1983. Each party had been married previously, and neither party adopted the other's children from the prior marriages. No children were born of David and Mary Euler's marriage. Throughout the marriage, Mary worked as

## ISSUES

1. Did the trial court abuse its discretion in dividing the marital property?

2. Did the trial court abuse its discretion in awarding $2,491.00 in attorney's fees and costs to the petitioner?

## DISCUSSION AND DECISION

*Issue One*

David first argues that the trial court abused its discretion in dividing the marital

property. A trial court's division of marital property is governed by Indiana Code section 31–1–11.5–11(c) which provides:

"The court shall presume that an equal division of the marital property between the parties is just and reasonable. However, this presumption may be rebutted by a party who presents relevant evidence, including evidence concerning the following factors, that an equal division would not be just and reasonable:

"(1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.

"(2) The extent to which the property was acquired by each spouse prior to the marriage or through inheritance or gift.

"(3) The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell in that residence for such periods as the court may deem just to the spouse having custody of any children.

"(4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.

"(5) The earnings or earning ability of the parties as related to a final division of property and final determination of the property rights of the parties."

The disposition of marital assets is committed to the sound discretion of the trial court. *Schnarr v. Schnarr* (1986), Ind. App., 491 N.E.2d 561, 563. We may not reweigh the evidence or assess the credibility of witnesses; we consider only the evidence most favorable to the trial court's disposition. *Olds v. Olds* (1988), Ind.App., 531 N.E.2d 1219, 1221; *Chestnut v. Chestnut* (1986), Ind.App., 499 N.E.2d 783, 786; *Schnarr,* at 563. Reversal is merited only where the trial court's decision is clearly against the logic and effect of the facts and circumstances before the trial court. *Id.* Furthermore, we consider the trial court's disposition of property as a whole, not item by item. *Olds,* at 1221.

■ David argues that he was entitled to receive more than fifty percent (50%) of the marital property. He contends that virtually all of the marital property was purchased with money from a joint checking account to which Mary never contributed. He emphasizes that Mary left the marriage with considerably more money than she brought to the marriage. David's arguments amount to an invitation to reweigh the evidence. This we cannot do. We have recognized that a spouse's contribution as homemaker can properly be considered in dividing marital property. *Chestnut,* at 787. Mary testified that she paid some bills and purchased groceries with her income. Mary also stated that she and her son cared for David when he became ill several months after the parties were married, and that she spent less time working at her waitressing job so that she could take care of David. An equal division of property would not constitute an abuse of discretion in this case.

■ In its final decree of dissolution the trial court awarded each of the parties an amount of cash as separate property, and also divided the remainder of the marital property. Mary received property valued at $18,816.00, and David received property valued at $27,725.00. We note that the decree contains a mathematical error in that it lists the property awarded to David and shows a total of $27,625.00 rather than the correct total, $27,725.00. The court also ordered David to pay to Mary a money judgment in the amount of $8,800.00. It appears that the trial court intended to impose a fifty-fifty split of the marital property, however, the effect of the decree was to award approximately forty-six percent (46%) of the marital property to Mary and fifty-four percent (54%) to David. While this disposition is approximately equal, it is not a fifty-fifty split. Ind.Code § 31–1–11.5–11(c) imposes a presumption that an equal division is just and reasonable. Although the trial court, in the exercise of its discretion, can divide the marital property unequally, the dissolution decree in this case indicates no reason for straying from the presumption of equality. We believe Ind.Code § 31–1–11.5–11(c) requires the trial court to set forth the basis for a

division of marital property which does not follow the fifty-fifty presumption. While the evidence in this case may support a 46/54 division of property, we will not speculate as to the trial court's reasoning. Therefore, we remand this case to the trial court to divide the marital property equally or to set forth its rationale for dividing the property unequally.

*Issue Two*

David also challenges the trial court's award of costs and attorney's fees to Mary. David argues that Mary had sufficient cash to pay her own expenses, and he emphasizes that Mary was able to maintain employment while he was disabled. Again, David invites us to reweigh the evidence which was before the trial court. In determining an award of attorney's fees in a dissolution action, the trial court must consider the resources of the parties, their economic condition, the parties' ability to engage in gainful employment, and other factors that bear on the reasonableness of the award. *Olds*, at 1221. Although the record revealed that David had had difficulty maintaining employment due to health problems, Mary Euler testified that she earned only $2.00 per hour in her job as a waitress. David also received disability income. The record contained additional evidence that David's actions during the pendency of this action caused the proceedings to be delayed. The evidence was sufficient to support an award of costs and attorney's fees to Mary.

We remand with instructions to correct the property division in the decree. In all other respects, the decision of the trial court is affirmed.

NEAL, J., and MILLER, J., concur.