**Donald J. AKERS, Appellant–Respondent,**

v.

**Charlotte AKERS, Appellee–Petitioner.**

No. 33A01–9910–CV–354

Court of Appeals of Indiana.

June 13, 2000.

David W. Stone, IV, Stone Law Office &
Legal Research, Anderson, Indiana, Attorney for Appellant.

R. Scott Hayes, Hayes Copenhaver &
Crider, New Castle, Indiana, Attorney for
Appellee.

## OPINION

BROOK, Judge

### Case Summary

Appellant-respondent Donald J. Akers
("Husband") challenges the trial court's

division of marital property upon the dissolution of his marriage to appellee-petitioner Charlotte Akers ("Wife"). We affirm in part, reverse in part, and remand.

### Issues

Husband raises two issues for our review:

I. whether the trial court erred in treating his unused sick days as a marital asset subject to division; and

II. whether the trial court erred in failing to award him a greater portion of the marital pot in consideration of the assets he had previously acquired and brought into the marriage.

### Facts and Procedural History

The twenty-five-year marriage of Husband and Wife was dissolved on May 5, 1999. At the time of the divorce, Husband, a teacher with the New Castle Community School Corporation ("the school corporation"), had accumulated 201 unused sick days.[1] The agreement governing his employment with the school corporation contained the following language with respect to unused sick days and retirement benefits:

To be eligible for retirement benefits, a teacher's final ten (10) years of teaching service will have been with [the school corporation] and the teacher must be eligible and have applied for retirement benefits under the Indiana State Teach-

---

**1.** The trial court noted in its dissolution decree that the "appropriate date for the valuation of the assets and l[i]abilities of the parties is September 8, 1998," the date Wife filed her petition for dissolution of the marriage. The record reflects that as of this date, Husband had accumulated 201 unused sick days.

**2.** $(187 / 100) \times \$6,250.00 = \$11,687.50$.

**3.** Based upon the breakdown of values for each item of marital property identified in the

ers Retirement Fund. The teacher must present written notification of intent to retire to the Superintendent by February 1st of the year the teacher plans to retire. When extenuating circumstances exist, the teacher may receive special consideration after the February 1st date.

A retirement benefit of six thousand two hundred fifty dollars ($6,250.00) shall be paid with the last pay in June *and to the final paycheck in June shall be added an amount computed by the following formula: Unused Sick Leave Days, up to a maximum of one hundred eighty-seven (187), divided by one hundred (100) times six thousand two hundred fifty dollars ($6,250.00).*

(Emphasis added). In accordance with the formula identified by the employment agreement, the trial court assessed the maximum value of Husband's unused sick days at $11,687.50.[2]

In its dissolution decree, the trial court concluded that "an equitable division [of the marital property] would be 50% to [Husband] and 50% to [Wife]." In effecting what it believed to be an equal division of the marital pot, the court valued the property awarded to Husband at $202,343.99[3] and the property awarded to Wife at $91,997.00. Then, "[i]n order to balance the distribution of marital assets to the parties," the trial court ordered Husband to pay $49,386.68 to Wife. Husband now appeals.

### Discussion and Decision
#### *Standard of Review*

The disposition of marital assets is within the sound discretion of the trial

---

dissolution decree, we arrive at a figure of $202,383.99. The trial court's $202,343.99 figure includes Husband's accumulation of unused sick days, but does not include $11,573.64 he received individually through gift and inheritance. Because neither party contests the trial court's exclusion of Husband's gift and inheritance proceeds from the marital pot, we need not review the propriety of this exclusion on appeal.

court, and we will reverse only where that decision is clearly against the logic and effect of the facts and circumstances before the court. *Chase v. Chase,* 690 N.E.2d 753, 756 (Ind.Ct.App.1998). "When a party challenges the trial court's division of marital property, he must overcome a strong presumption that the court considered and complied with the applicable statute, and that presumption is one of the strongest presumptions applicable to our consideration on appeal." *In re Marriage of Bartley,* 712 N.E.2d 537, 542 (Ind. Ct.App.1999). In reviewing a trial court's disposition of the marital assets, we focus on " 'what the court did, not what it could have done.' " *Chase,* 690 N.E.2d at 756 (quoting *Fiste v. Fiste,* 627 N.E.2d 1368, 1372 (Ind.Ct.App.1994), *disapproved of on other grounds by Moyars v. Moyars,* 717 N.E.2d 976 (Ind.Ct.App.1999), *trans. denied* ). We may not reweigh the evidence or assess the credibility of witnesses, and we will consider only the evidence most favorable to the trial court's disposition of the marital property. *In re Marriage of Dall,* 681 N.E.2d 718, 720 (Ind.Ct.App. 1997). Although the facts and reasonable inferences might allow for a different conclusion, we will not substitute our judgment for that of the trial court. *Bartley,* 712 N.E.2d at 542.

### I. Sick Days as a Marital Asset

■ Indiana Code Section 31–15–7–4(a) provides that in an action for dissolution of marriage, the trial court shall divide the property of the parties, regardless of whether it was:

(1) owned by either spouse before the marriage;

(2) acquired by either spouse in his or her own right:

(A) after the marriage; and

(B) before final separation of the parties; or

(3) acquired by their joint efforts.

It is well settled in Indiana that all marital property goes into the marital pot for division. *Dowden v. Allman,* 696 N.E.2d 456, 458 (Ind.Ct.App.1998); *see also* IND.CODE § 31–9–2–98 (defining "property" for purposes of dissolution as "all the assets of either party or both parties"). However, the question of whether a spouse's accumulation of unused sick days is a marital asset for purposes of property division is one of first impression in this state. We conclude that in this case, it is not.

■ The record reflects that Husband had accrued more than 200 unused sick days at the time of the divorce. His teaching contract for the current school year contained a retirement benefits clause providing for payment for a maximum of 187 of those days upon retirement. However, we discern no evidence, nor does Wife point us to any, that Husband had a *present* right to be paid for his sick days other than by becoming ill. *See In re Marriage of Battles,* 564 N.E.2d 565, 567 (Ind.Ct. App.1991) (holding that husband's accrued vacation time, for which he might receive pay for up to sixty days upon retirement, was not a marital asset; "Wife points to no evidence that he had any present right to such payments other than by going on leave."). To the contrary, Husband testified that the terms of his teaching contract, including those governing retirement benefits, were subject to renegotiation and that he could not foresee what contract provisions would be in effect at the time of his retirement. Indeed, it was mere speculation for the trial court to assume that Husband would not suffer any illness and would retain at least 187 unused sick days at their current value until retirement. While he certainly accumulated these sick days during his marriage to Wife, the accumulation of sick days had only a future value that was indeterminate and speculative at best.[4] *See* IND.CODE § 31–9–2–98 (defining "property" for purposes of disso-

---

**4.** Wife counters that the trial court's inclusion of Husband's unused sick days into the marital pot is no different than its inclusion into the marital pot of her unused paid days off, which she received in lieu of sick leave, personal leave, and vacation time. Because the issue of whether Wife's accumulation of unused paid days off is a marital asset is not an issue properly before us, we need not address her contention.

lution to include "a present right to withdraw pension or retirement benefits").

This court has consistently held that only property in which a party has a vested interest at the time of dissolution may be divided as a marital asset. *Mullins v. Matlock,* 638 N.E.2d 854, 856 (Ind.Ct.App. 1994), *trans. denied ; see also Savage v. Savage,* 176 Ind.App. 89, 92, 374 N.E.2d 536, 538–39 (1978) (concluding that monthly pension payments did not qualify as marital asset because husband had only contingent future interest rather than vested present interest in such payments); *Wilcox v. Wilcox,* 173 Ind.App. 661, 665, 365 N.E.2d 792, 795 (1977) (concluding that future earnings were not marital asset in absence of present vested interest). Moreover, as we observed in *Shorter v. City of Sullivan,* 701 N.E.2d 890, 892 (Ind. Ct.App.1998), *trans. denied,*

> While employees may accumulate sick leave days . . ., they may only use those days for a limited purpose. An employee must be sick or other conditions must be present before an employee has a right to use sick leave. As such, sick leave is not a benefit which automatically vests when earned.

(affirming trial court's decision that employees take nothing by way of their complaint for compensation from former employer for accrued sick days). Likewise, Husband's accumulation of unused sick days had no present value, was "contingent and speculative in nature," and thus, not capable of division as a marital asset.[5] *See Mullins,* 638 N.E.2d at 856. We therefore reverse the trial court's treatment of Husband's unused sick days as a marital asset subject to distribution between the parties and remand with instructions to recalculate the marital pot accordingly.

## II. Marital Property Division

■ Indiana Code Section 31–15–7–5 [6] creates a rebuttable presumption that an equal division of the marital property between the parties is just and reasonable. *Dall,* 681 N.E.2d at 720 (interpreting predecessor statute). A trial court may deviate from an equal division provided that it sets forth a rational basis for its decision. *Id.* Here, while the trial court articulated an intent to divide the marital property equally, it awarded Husband more than 50% of the marital assets.[7] Nevertheless,

---

**5.** We note that we may have reached a different result had Husband possessed a vested interest in his unused sick days at the time of the dissolution, such as a present right to convert them to cash. *See Schober v. Schober,* 692 P.2d 267, 267 (Alaska 1984) (holding that spouse's unused personal leave was a marital asset subject to division; under collective bargaining agreement with spouse's employer, up to sixty hours of unused personal leave could be used as paid vacation or converted to cash each year, and the remainder could be converted to cash when his employment terminated). This was certainly not the case here.

**6.** Indiana Code. Section 31–15–7–5 provides that a party may present relevant evidence, including evidence concerning the following factors, that an equal division of the marital property would not be just and reasonable:
  (1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.
  (2) The extent to which the property was acquired by each spouse:
    (A) before the marriage; or

    (B) through inheritance or gift.
  (3) The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell in the family residence for such periods as the court considers just to the spouse having custody of any children.
  (4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.
  (5) The earnings or earning ability of the parties as related to:
    (A) a final division of property; and
    (B) a final determination of the property rights of the parties.

**7.** As previously mentioned, the trial court excluded from the marital pot and awarded to Husband $11,573.64 he received individually in gift and inheritance proceeds, which Wife does not challenge as unfair or unreasonable on appeal.

Husband argues that he should have received an even greater portion of the marital pot because of the following items he claims to have previously acquired and brought into the marriage: a Henry County Savings & Loan savings account containing an estimated $8,000.00; a Farm Bureau life insurance policy worth $10,000.00; and a 1972 Ford Pinto, a 1973 Duster, a bedroom suite, a couch, two end tables, a chair, some lamps, and some camping gear valued at $3,500.00. *See* IND.CODE § 31–15–7–5(2)(A). In addition, he seeks compensation for $2,000.00 he claims to have deposited in Wife's IRA.

We cannot say that Husband has overcome the tremendous burden necessary to warrant reversal. "[T]his Court considers only the trial court's disposition of [the marital] property as a whole, not item by item." *Raval v. Raval*, 556 N.E.2d 960, 961 (Ind.Ct.App.1990). Keeping in mind the great deference we pay to the trier of fact, it is apparent that the trial court gave due consideration to Indiana Code Section 31–15–7–5 and the multiple factors contained therein. The record reflects, for instance, that while Husband brought various furnishings and personal items into the marriage, Wife also contributed furniture and curtains to the marriage. There was no evidence documenting the value of the savings account at the time of the marriage aside from Husband's unsubstantiated recollection, let alone whether it was even in existence at the time of the divorce. Indeed, the majority of the items Husband had acquired prior to the marriage and for which he now seeks compensation had long since vanished and presumably, in the twenty-five years since then, been replaced by items acquired jointly by the parties. Moreover, Wife testified that Husband never funded her IRA and that she alone had deposited all of the moneys contained therein.

It was within the trial court's prerogative to determine that the value of the property Husband brought into the marriage was not of such great value as to substantially outweigh the other statutory factors and mandate an even greater disparity in the division of marital assets. *See In re Marriage of Coyle*, 671 N.E.2d 938, 945 (Ind.Ct.App.1996) (observing that the trial court has broad discretion in ascertaining the value of property in a dissolution action); *see also Cowden v. Cowden*, 661 N.E.2d 894, 896 (Ind.Ct.App.1996) (noting that the "balancing of the statutory factors and the evidence related to them is the essence of the trial court's work in crafting a just and reasonable property division."). We decline Husband's invitation to reweigh the evidence or substitute our discretion for that of the trial court.

Reversed in part as to the trial court's treatment of Husband's accumulation of unused sick days as a marital asset. Remanded for a recalculation of the marital pot in accordance with the principles set forth in this opinion.[8] In all other respects, the trial court's disposition of the marital property is affirmed.

Affirmed in part, reversed in part, and remanded.

DARDEN, J., and MATTINGLY, J. concur.

---

8. Because Wife does not challenge the exclusion of Husband's $11,573.64 in gift and inheritance proceeds from the marital pot, the trial court may not include these proceeds in its recalculation of the marital pot on remand.