**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 24 2012, 8:47 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**REID MURTAUGH**
Lafayette, Indiana

ATTORNEY FOR APPELLEE:

**DAVID R. PHILLIPS**
David Baum Law Office, P.C.
Chesterton, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| T.W.O., | ) | |
| f/k/a T.L.W., | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 64A03-1106-DR-289 |
| | ) | |
| G.A.W., | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE PORTER SUPERIOR COURT
The Honorable James A. Johnson, Special Judge
Cause No. 64D02-0002-DR-980

**February 24, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

T.W.O. ("Mother") appeals the trial court's decision in favor of G.A.W. ("Father"). She presents three issues for our review:

1. Whether the trial court abused its discretion when it denied Mother's request to modify custody of L.W.;

2. Whether the trial court abused its discretion when it divided marital property; and

3. Whether the trial court abused its discretion when it declined to modify Mother's child support obligation to an earlier date.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Mother and Father married on July 4, 1992. The marriage produced two children, J.W., born August 24, 1992, and L.W., born August 27, 1997. Sometime in 1999, Mother and Father separated, and Mother filed for divorce on February 7, 2000. On November 15, 2001, the trial court entered a dissolution decree awarding Father custody of J.W. and L.W. The decree reserved decision on "division of property, debt and child support." (Appellant's App. at 18.) On September 26, 2002, the parties orally agreed Mother would pay to Father $50.00 per week in child support.

At some point thereafter, Mother became unable to work due to a disability, and on January 12, 2006, she filed a petition to modify child support. The trial court ordered her to provide Father's counsel with her medical records and enjoined her from spending any disability award or settlement. The trial court did not modify Mother's child support

2

obligation at that time, instead continuing the matter until Mother produced her medical records.

On October 23, 2007, Mother filed another petition to modify child support. The hearing on that petition was continued and the trial court never ruled on her request, presumably due to an intervening contempt petition, counsel changes, and a change of judge. Mother filed a third petition to modify custody and child support on April 21, 2009. On July 29, 2009, Mother filed a petition for appointment of a Guardian *Ad Litem* (GAL), which the court granted. On December 6, 2010, the trial court held a hearing on all pending matters including child custody, child support, and division of the marital estate.

On May 12, 2011, the trial court entered its final order on reserved issues, finding a modification in child custody was not in the best of interest of the child, L.W.;[1] the marital estate was insolvent at the time of separation and in the ten years between the dissolution and the final hearing, the parties had equitably divided their property; and modification of Mother's child support obligation was warranted. The trial court modified Mother's child support obligation from $50.00 per week to $23.12 per week, effective April 21, 2009.

---

[1] By the time the trial court issued its order, J.W. was 19 years old, and the court found he could live where he chose.

3

## DISCUSSION AND DECISION

    1.    <u>Modification of Custody</u>

We review a modification of custody[2] for an abuse of discretion, because we give wide latitude to our trial court judges in family law matters. *Julie C. v. Andrew C.*, 924 N.E.2d 1249, 1256 (Ind. Ct. App. 2010). A petitioner has the burden to demonstrate the existing custody arrangement needs to be altered. *Id.* As we undertake our review, we neither reweigh the evidence nor assess witness credibility. *Id.* Rather, we consider only the evidence and inferences most favorable to the judgment. *Id.*

Our legislature has defined the circumstances under which a custody order may be modified:

> (a) The court may not modify a child custody order unless:
> (1) the modification is in the best interests of the child; and
> (2) there is a substantial change in one (1) or more of the factors that the court may consider under section 8 and, if applicable, section 8.5 of this chapter.
> (b) In making its determination, the court shall consider the factors listed under section 8 of this chapter.
> (c) The court shall not hear evidence on a matter occurring before the

---

[2] We note the parties have characterized the custody action as one of modification. However, as the dissolution order from 2001 did not address all issues stemming from the parties' dissolution, it was not a final order regarding any of the issues therein. *See* Ind. Trial Rule 54 ("[A] judgment, decision or order as to less than all the claims and parties is not final."). Therefore, the trial court's 2011 order is the initial custody determination. However, as neither party has argued error based on the standard of review for initial custody determinations, that argument is waived. *See* Ind. App. R 46(A)(6)(a) (failure to make a cogent argument regarding an issue waives our review of that issue). Waiver notwithstanding, in light of the court's findings and the evidence in the record, we would be unable to reverse the trial court's custody decision even if reviewed under the initial custody determination standard. *See Knotts v. Knotts*, 693 N.E.2d 962, 965 (Ind. Ct. App. 1998) (appellate court will only reverse an initial child custody decision if the trial court abuses its discretion in determining custody based on all relevant factors and the best interest of the child pursuant to Ind. Code § 31-17-2-8), *trans. denied*.

last custody proceeding between the parties unless the matter relates to a change in the factors relating to the best interests of the child as described by section 8 and, if applicable, section 8.5 of this chapter.

Ind. Code § 31–17–2–21 (hereinafter "Section 21"). Section 21 requires a court to "consider the factors listed under section 8 of this chapter," but in ordering a modification of child custody a trial court is not, absent a request by a party, required to make special findings regarding the continuing and substantial changes in the parties' circumstances. *Clark v. Clark*, 404 N.E.2d 23, 35 (Ind. Ct. App. 1980). Neither Mother nor Father requested findings.

The factors the court must consider under Ind. Code § 31–17–2–8 (hereinafter "Section 8") include:

(1) The age and sex of the child.
(2) The wishes of the child's parent or parents.
(3) The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.
(4) The interaction and interrelationship of the child with:
    (A) the child's parent or parents;
    (B) the child's sibling; and
    (C) any other person who may significantly affect the child's best interests.
(5) The child's adjustment to the child's:
    (A) home;
    (B) school; and
    (C) community.
(6) The mental and physical health of all individuals involved.
(7) Evidence of a pattern of domestic or family violence by either parent.
(8) Evidence that the child has been cared for by a de facto custodian

In the portion of its order regarding custody, the trial court found:

4. Other than the facts that [L.W.] is considerably older and that Mother's health has seriously deteriorated, nothing else has substantially changed, such that the existing order is now unreasonable. [L.W.] remains well-adjusted to

her home, school and community. Further the guardian <u>ad litem</u> unequivocally recommends that [L.W.] remain with Father. Accordingly, Mother's petition for modification of custody is denied.

(Appellant's App. at 11.) Based on the evidence presented, we cannot say the trial court abused its discretion when it denied Mother's request for modification of custody.

The facts most favorable to the decision are that L.W. was three or four years old when the original custody decree was entered. At the time of the modification hearing, L.W. was thirteen years old. She had been in Father's primary custody since 2001, with Mother exercising parenting time on an irregular basis, sometimes as little as six times a year. Father and the GAL testified L.W. did not have a good relationship with Mother; L.W. had refused in the past to visit Mother, or lied to avoid spending time with Mother. Evidence was presented L.W. had a good relationship with Father's significant other.

Mother presented evidence her current health condition, a pulmonary disability stemming from exposure to workplace chemicals, had steadily declined since the original custody order. However, Mother presented evidence from her doctor indicating he had no concerns about Mother's ability to care for L.W. The trial court also considered the fact Mother often traveled out of state with her husband, but Mother indicated she would permanently relocate to Indiana, though not in the community where L.W. resided with Father, should the trial court approve the modification.

While certain circumstances had changed in the ten years since the last custody order, the evidence supports the trial court's finding that it was not in L.W.'s best interests to modify custody. Mother's arguments to the contrary are invitations for us to reweigh the

evidence, which we may not do. *See Julie C.*, 924 N.E.2d at 1256. Accordingly, we affirm the denial of Mother's request for modification of custody.[3]

## 2. Division of Marital Property

When, as is the case here, a trial court enters special findings *sua sponte*, the special findings control only as to the issues they cover. *In re Marriage of Jackson*, 682 N.E.2d 549, 551 (Ind. Ct. App. 1997). As to issues on which the trial court has not made findings, or on which the findings are inadequate, we treat the judgment as a general one. *In re Marriage of Snemis*, 575 N.E.2d 650, 652 (Ind. Ct. App. 1991). We will affirm the judgment if it can be sustained upon any legal theory the evidence supports. *Id*. In so doing, we neither weigh the evidence nor judge witness credibility, for that is particularly the function of the trial court; instead, we look to the evidence of record to determine if the result is against the facts and circumstances before the court. *Euler v. Euler*, 537 N.E.2d 554, 556 (Ind. Ct. App. 1989).

Division of the assets between divorcing parties is left to the trial court's discretion. *Akers v. Akers*, 729 N.E.2d 1029, 1031-32 (Ind. Ct. App. 2000). Even if the facts and reasonable inferences might allow us to reach a different conclusion, we will not substitute our judgment for that of the trial court unless its decision is clearly against the logic and effect of the facts and circumstances before it. *Id*. We consider only the evidence favorable to the judgment. *Goodman v. Goodman*, 754 N.E.2d 595, 599 (Ind. Ct. App. 2001), *reh'g*

---

[3] Mother argues the GAL's testimony should not have been admitted because the GAL did not file a report of her findings ten days prior to the hearing, as required by Ind. Code § 31-17-2-12(C). While Mother did object once to the GAL's testimony, there is no evidence she objected to the totality of the GAL's testimony based on the lack of the report. Therefore, she has waived the issue from our review. *See Raess v. Doescher*, 883 N.E.2d 790, 797 (Ind. 2008) ("[A]n objection on grounds other than those raised on appeal is ineffective to preserve the issue for appellate review."), *reh'g denied*.

*denied*. We may not reweigh the evidence or reassess the credibility of the witnesses. *Akers*, 729 N.E.2d at 1032.

A party challenging a property division must "overcome a strong presumption that the court considered and complied with the applicable statute." *Id*. (quoting *In re Marriage of Bartley*, 712 N.E.2d 537, 542 (Ind. Ct. App. 1999)). We consider the court's disposition of marital property "as a whole, not item by item." *Krasowski v. Krasowski*, 691 N.E.2d 469, 473 (Ind. Ct. App. 1998). We focus on what the court did, not what it could have done. *Akers*, 729 N.E.2d at 1032.

The court's goal is to divide the marital property in a just and equitable manner, Ind. Code § 31-15-7-4(b), and we presume just and equitable division is synonymous with equal division between the parties. Ind. Code § 31-15-7-5. If one party feels equal division is not just and equitable, that party may rebut the presumption of equal division by presenting evidence regarding the following factors:

> (1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.
> (2) The extent to which the property was acquired by each spouse:
> > (A) before the marriage; or
> > (B) through inheritance or gift.
> (3) The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell in the family residence for such periods as the court considers just to the spouse having custody of any children.
> (4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.

(5) The earnings or earning ability of the parties as related to:
    (A) a final division of property; and
    (B) a final determination of the property rights of the parties.

*Id.*

The trial court found regarding distribution of the marital assets:

> Issues of division of marital property and debt were to be heard January 10, 2002. These issues were not heard until December 2010, due to a change of venue, many continuances, emphasis on child-related issues, etc..[sic]  It is now very difficult to reconstruct the marital estate at the time of separation (officially February 7, 2000). The parties separated in 1999. Father testified that the marital estate was insolvent. The marital residence was lost to foreclosure and marital debt exceeded the value of any personal property. Mother has failed to provide any credible evidence to dispute Father's claim. She estimated the value of items such as jewelry, vehicles and Father's coin collection, but there was absolutely no basis for her opinions. Father said the items mentioned by Mother had no more than nominal value. The parties split their personal property when they separated and there is nothing to support the idea that division of the marital estate was inequitable.

(Appellant's App. at 12.)  Mother argues "[a]t a bare minimum, there is a presumption that [Mother] should receive one-half of $33,800," (Br. of Appellant at 20), based on the calculations she claimed Father tendered to the court. Mother presented evidence of the value of the items in the marital estate, but did not provide documentation outside of her personal approximation of the worth of the items. Her argument is an invitation for our court to reweigh the evidence, which we may not do.  *See Julie C.*, 924 N.E.2d at 1256. Accordingly, we affirm the division of the marital estate.

3.    <u>Child Support</u>

Mother argues the trial court erred when it made the order of modification of child support retroactive to April 21, 2009, the date Mother filed her most recent request for

modification of child support. The court's order does not explain why it chose that date as the commencement of the modified support amount. In an absence of direction from the court, it seems the date was pursuant to well-established case law, which allows the court to "make a discretionary modification relating back to the filing date of the petition to modify." *Haverstock v. Haverstock*, 599 N.E.2d 617, 621 (Ind. Ct. App. 1992). Mother contends, "the Order as to child support is not supported by the evidence, and should be modified, so that it is effective December 2005, January 12, 2006, or at the very latest, October 2007." (Br. of Appellant at 22.)

We note what the trial court and the parties characterize as a modification of child support could be considered the initial order of child support, as the trial court had not issued a final order prior to its order on May 12, 2011. *See supra* fn. 2. On September 26, 2002, the parties agreed Mother would pay Father $50.00 per week in child support, however, the trial court never entered an order to that effect, nor is there a written agreement in the record. Therefore, the trial court's order from May 12 could be considered the initial support order, and the trial court could have, based on its own discretion, retroactively applied the initial determination of child support back to "the date of the petition for dissolution." *Boone v. Boone*, 924 N.E.2d 649, 652 (Ind. Ct. App. 2010).

However, regardless of the characterization of the trial court's decision on child support, whether it was a modification or an initial decision, the trial court was within its discretion to order the new amount of child support to apply retroactively to April 21, 2009, the date of Mother's most recent petition to modify. Accordingly, we affirm.

10

**CONCLUSION**

We hold the trial court did not abuse its discretion when it denied Mother's petition for modification of child custody because the evidence presented indicated a change in custody would not be in the best interests of the child, nor were there substantial changes to warrant such a modification. The trial court also did not abuse its discretion in its division of the marital estate, nor did it do so when determinating the date from which the child support amount would be retroactive. Accordingly, we affirm the decision of the trial court.

Affirmed.

CRONE, J., and BROWN, J., concur.