Artemio S. LIBUNAO, Appellant
(Respondent below),

v.

Joyce L. LIBUNAO, Appellee
(Petitioner below).

No. 1–978A254.

Court of Appeals of Indiana,
First District.

April 24, 1979.

Gary K. Kemper, Cooper, Cox, Jacobs & Kemper, Madison, for appellant.

Charles T. Bate, Soshnick & Bate, Shelbyville, for appellee.

ROBERTSON, Judge.

Respondent-appellant Artemio S. Libunao (Artemio) appeals from a dissolution decree and the disposition of certain assets therein to petitioner-respondent Joyce L. Libunao (Joyce).

Joyce correctly asserts that the sole error on appeal[1] relates to whether the property division was "just and reasonable" under Ind.Code 31–1–11.5–11. Of course, the disposition of assets is a matter within the sound discretion of the trial court, *Johnson v. Johnson*, (1976) Ind.App., 344 N.E.2d 875, and a reversal is proper only when the result "is clearly against the logic and effect of the facts and circumstances before the court    . . .." *In re the Marriage of Osborne*, (1977) Ind.App., 369 N.E.2d 653.

1. Artemio's brief states three issues for review:
    1. Was the decision of the trial court an excessive award of the amount of property to the petitioner, Joyce L. Libunao?
    2. Was the decision of the trial court unsupported by sufficient evidence in that it awarded a disproportionately greater share of property to the petitioner, Joyce L. Libunao?
    3. Was the decision of the trial court contrary to the law in that the trial court's division of property was inequitable?
    Clearly, the only reviewable issue presented relates to the property award to the wife and whether an abuse of discretion occurred.

Artemio was 33 years old and working as a resident in a St. Louis hospital when he married Joyce, then age 18. Neither spouse brought substantial assets into the marital enterprise, and in 1967 the couple moved to Indiana. Artemio established a medical practice and employed Joyce as a bookkeeper for a considerable period of time. The proceeds therefrom have permitted the parties to accumulate a substantial amount of assets for the benefit of themselves and their seven children. Joyce has never received a high school diploma, but is capable of performing various types of office work. Artemio enjoys a gross income well in excess of $100,000 a year.

In September of 1977, Joyce filed a petition for dissolution. Thereafter, the parties filed a stipulation of assets and their values. In approximate figures, the dissolution decree awarded the following to Joyce: 40 acres of unimproved real estate ($30,000), the family residence ($90,000), cash savings and certificates in the amount of $139,000, her interest in retirement plans ($6,362), and other miscellaneous items. Artemio received all the interest in the medical building,[2] cash savings and certificates in the amount of $26,544, promissory notes owing ($17,000), all shares in the medical corporation ($10,000), all his interest in pension and profit sharing funds ($142,000) and a Keough plan ($11,500). The latter plan was 100 percent vested and Artemio *stipulated* that the pension and profit sharing funds were 70 percent vested (or presently worth about $99,400). Joyce was awarded custody of all the children with Artemio required to pay $43 per week for support of each child.

■ IC 31–1–11.5–11 provides in pertinent part that:

> In determining what is just and reasonable the court shall consider the following factors:
>
> (a) the contribution of each spouse to the acquisition of the property, including

the contribution of a spouse as homemaker;

> (b) the extent to which the property was acquired by each spouse prior to the marriage or through inheritance or gift;
>
> (c) the economic circumstances of the spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell therein for such periods as the court may deem just to the spouse having custody of any children;
>
> (d) the conduct of the parties during the marriage as related to the disposition or dissipation of their property;
>
> (e) the earnings or earning ability of the parties as related to a final division of property and final determination of the property rights of the parties.

We indulge in the presumption that the trial court followed the mandatory guidelines in the above statute. *In re the Marriage of Patus*, (1978) Ind.App., 372 N.E.2d 493. The specific value of each marital asset need not be established so long as the trial court is sufficiently apprised of the approximately gross value of the marital estate. *See Patus, supra.* Lastly, "just and equitable" does not mean equal or relatively equal. *Osborne, supra.*

■ Artemio alleges that the trial court abused its discretion by considering the pension, profit sharing and Keough retirement plan without ascertaining the present value of these assets. This contention is without merit. First, Artemio *stipulated* as to the vested interest[3] in these funds, and stipulations are binding on the parties and the trial court until set aside or withdrawn. *Matter of Estate of Miller*, (1977) Ind.App., 359 N.E.2d 270. Alternative, Artemio appraised the trial court in his motion to correct errors as to "the true value or present realizable value of the pension and

---

2. This property had a stipulated value of $45,-000 and was subject to an $8,000 mortgage. At the present time, the property is held in a Clifford trust. Upon termination, Artemio will receive the property with the earned interest going to the children.

3. We presume Artemio did stipulate, or could have stipulated, as to the liquidated value of these funds after deducting prepayment penalties.

profit sharing trusts after considering premature withdrawal and the penalty therefor and the adverse consequences of such early withdraw." While we agree that the trial court should consider the present liquidated value of such funds as well as their future value, we believe it clear that such considerations were brought before the court below and hence Artemio cannot be heard to complain on appeal that such factors were not considered by the trial court.

■ Moreover, Artemio's contention extends only to the allegation that it was improper for the trial court to *consider* such funds. In *Savage v. Savage*, (1978) Ind. App., 374 N.E.2d 536, Judge Lybrook declared that the trial court *should* consider such assets before a determination is made as to the *manner* in which the assets are to be divided. Such a factor is relevant under subsection (e) of IC 31–1–11.5–11. Nevertheless, although not specifically raised by Artemio, an issue yet to be resolved is implicit under the facts and circumstances of this case: was an abuse of discretion shown because the marital assets were *divided* in such a manner that one spouse received substantially all of the tangible assets and the other spouse retained only his interest in a pension or retirement fund?

■ Related considerations have been presented to and resolved by this court. In *Wilcox v. Wilcox*, (1977) Ind.App., 365 N.E.2d 792, we held that a division of marital assets under IC 31–1–11.5–11 could only embrace property with a present vested interest, and hence a husband's future salary could not be "divided" in favor of the wife absent a showing of incapacitation which permits maintenance under IC 31–1–11.5–9(c). The rational of *Wilcox* was controlling in *Savage* wherein it was held that future pension payments were not assets capable of being divided under IC 31–1–11.5–11. In that case the husband was receiving a sum-certain weekly but the pension provided only for periodic payments *contingent* upon the husband's continued survival. Lastly, *Goodwill v. Goodwill*, (1978) Ind. App., 382 N.E.2d 720, stood for the proposition that an unvested pension plan could

not be encumbered in favor of the other spouse in order to secure a $6,000 decree in favor of the wife. Therefore, this trilogy of cases established that (1. retirement plans, vested or contingent, are proper *considerations* for the manner in which the marital assets will be allocated; and (2. a contingent interest in property "owned" by one spouse may not be awarded to or encumbered in favor of the other spouse under IC 31–1–11.5–11.

■ The foregoing cases demonstrate the concern that a just and equitable distribution of assets requires that the value of the assets have a presently ascertainable value. Where the value of the fund is contingent, the requisite certainty upon which a calculated equitable distribution can be effected is absent. Therefore, we hold that the trial court may *consider* the future value of an asset, but the final distribution must be just and equitable in light of the present vested interest of the particular fund. A distribution based on contingent values could result in no distribution at all.

■ Returning to the facts at bar, we believe no abuse of discretion has been established. Artemio stipulated to a *substantial* vested interest in the retirement plans, which was not divided or encumbered, and he did not present facts in the record that the funds would evaporate or be significantly diminished upon withdrawal or upon the happening of some untoward contingency. Furthermore, Artemio received over $20,000 in cash, and a substantial amount of equity in his medical practice and stock. Thirdly, the earning ability of Artemio is considerable. Conversely, Joyce contributed to her husband's medical practice, did not have a high school diploma, and her future capabilities as a bread-winner are uncertain at best. Under such circumstances, we are unable to conclude that the trial court clearly abused its discretion. *Compare Wilcox, supra.*

Artemio secondly asserts that it was error to deny him any interest, direct or contingent, in the couple's residence since he

obtained custody to five of the seven children pursuant to his petition for modification.[4] The relevant procedural facts reveal the following:

2–14–78   Dissolution Decree entered.

2–27–78   Petition to Modify Child Custody filed by husband.

3–21–78   Temporary Modification granted.

4–13–78   Motion to Correct Errors filed by husband.

5–25–78   Temporary Modification of Child Custody made permanent—husband awarded youngest 5 of 7 children.

6–13–78   Motion to Correct Errors overruled.

In *Covalt v. Covalt*, (1976) Ind.App., 354 N.E.2d 766, Judge Buchanan declared that the intent of the Legislature was clear that a *property* disposition is final subject to the right of a timely appeal, absent a showing of fraud. In this case, Artemio[5] invoked two distinct procedural avenues seeking distinct forms of relief and now attempts to attack the property division on grounds not specified in his motion to correct errors.

The fundamental office of the motion to correct errors is to apprise the court and opposing counsel of errors which may be asserted on appeal, *P–M Gas & Wash Company, Inc. v. Smith*, (1978) Ind., 375 N.E.2d 592, together with the facts and grounds therefor set out specifically and with particularity. *Anderson v. Indiana State Employees' Appeals Commission*, (1977) Ind.App., 360 N.E.2d 1040. Since Artemio has failed to property preserve error with respect to the award of the residence in light of the modified custody decree for failure to include such grounds in the motion to correct errors, we decline the invitation to pass on the propriety of the award. Were we to hold otherwise, the finality of a property division as recognized in *Covalt* would stand to be emasculated by a collateral attack based on a child custody modification order obtained dehors the motion to correct errors.

Accordingly, the trial court is in all respects affirmed.

Affirmed.

LYBROOK, P. J., and LOWDERMILK, J., concur.

---

4. The support order was modified accordingly.

5. Both parties retained different counsel for purposes of appeal.