**In re the Marriage of Daryl A. HUBER,
Appellant–Respondent,**

v.

**Karen S. HUBER, Appellee–Petitioner.**

No. 64A03–9105–CV–00124.

Court of Appeals of Indiana,
Third District.

Feb. 17, 1992.

A. James Sarkisian, Allen & Sarkisian, Merrillville, for appellant-respondent.

Joanne Tapocsi–Lohmeyer, Valparaiso, for appellee-petitioner.

STATON, Judge.

Daryl Huber appeals an interlocutory order concerning the disposition of a marital asset. He presents us with the sole issue of whether the trial court erred in determining that pension contributions made after March 19, 1960 are a marital asset.

We affirm.

Daryl and Karen Huber were married on March 19, 1960; this marriage was dissolved on July 25, 1980. Following a short period of cohabitation, the Hubers remarried on December 13, 1980. The Hubers continued to live in the original marital residence and commingled all or a portion of the personal property divided in the dissolution property settlement.[1]

On July 3, 1990, Karen filed a second petition for dissolution. During the ensuing proceedings, a dispute arose regarding Daryl's vested retirement pension. At a hearing held on April 8, 1991, Daryl argued that the portion of his pension fund accumulated before the remarriage should be excluded from the marital estate. Karen argued that her efforts contributed to the acquisition of the portion of the pension which Daryl sought to exclude. The trial court's order provides in pertinent part:

> ... for the purpose of establishment of the marital pot, the Court will consider the husband's vested pension as if the same existed from March 19, 1960 through to date of the current dissolution proceedings filing date. In as much as this Court's decision effects a substantial question of law, the Court rules that while this judgment is interlocutory, it is a final judgment as to this issue and

therefore an appeal may be taken therefrom.

Record, pp. 23–24.

IND.CODE 31–1–11.5–11, which governs the disposition of marital assets in a dissolution proceeding, provides in pertinent part:

> ... the court shall divide the property of the parties, whether owned by either spouse prior to the marriage, acquired by either spouse in his or her own right after the marriage and prior to final separation of the parties, or acquired by their joint efforts, in a just and reasonable manner ...

IND.CODE 31–1–11.5–2(d) defines "property" as:

> all the assets of either party or both parties, including:
>
> (1) A present right to withdraw pension or retirement benefits;
>
> (2) The right to receive pension or retirement benefits that are not forfeited upon termination of employment, or that are vested, as that term is defined in Section 411 [26 U.S.C. § 411] of the Internal Revenue Code, but that are payable after the dissolution of marriage; and
>
> (3) The right to receive disposable retired or retainer pay, as defined in 10 U.S.C. 1408(a), acquired during the marriage, that is or may be payable after the dissolution of marriage.

Daryl concedes that his pension is vested[2] and that it is "property" within the definition of I.C. 31–1–11.5–2(d). He contends, however, that a substantial portion of the pension's value should be excluded from the marital pot. In support of this contention, he refers us to the personal property division in the first dissolution action.[3] He claims that during the parties'

---

1. Daryl alleges that, during the second marriage, Karen maintained exclusive control of one asset, a certificate of deposit in the amount of $20,000.00. Karen asserts that all assets of the first marriage were commingled upon resumption of the parties' marital relationship.

2. Although the parties agree that the pension is now "vested" they do not inform us of the date upon which vesting occurred. Nor do the par-

ties inform us of the date upon which contributions were first made to the pension plan by Daryl's employer.

3. The Final Dissolution Order of July 25, 1980 does not include a specific reference to any pension fund. The Order provides: "That the personal property of the parties shall be divided according to the plan of the parties that was

subsequent remarriage, certain assets of the first marital pot were held separately while some were commingled. In essence, he contends that the second marital pot should consist of only those assets which he desired to commingle upon remarriage and those acquired during the second marriage.

■ However, our dissolution statutes do not contemplate that a spouse may select which of the parties' assets are to be considered marital assets absent a valid antenuptial agreement. I.C. 31–1–11.5–11 incorporates no requirement that assets of individual origin must have been physically "commingled" during the marriage to be considered as marital property. Our definition of property is broad, providing that "all" assets "including" various pension interests are to be considered marital property subject to division. *Gnerlich v. Gnerlich* (1989), Ind.App., 538 N.E.2d 285, 288, *trans. denied.* Section 11(b) of the dissolution act empowers the trial court to dispose of property owned by either spouse prior to the marriage, property acquired by either spouse in his or her own right after the marriage and prior to final separation and property acquired by the joint efforts of the parties. *Adams v. Adams* (1989), Ind., 535 N.E.2d 124, 126, *reh. denied.* Moreover, the "one pot" theory of Section 11(b) specifically prohibits the exclusion of any asset from the scope of the trial court's power to divide and award. *Lord v. Lord* (1982), Ind.App., 443 N.E.2d 847, 852, *reh. denied.* Regardless of their source, all assets go into the marital pot and are subject to division. *DeHaan v. DeHaan* (1991), Ind.App., 572 N.E.2d 1315, 1324–25, *reh. denied, trans. pending.* The trial court did not err in refusing to exclude a substantial portion of Daryl's pension from the marital pot.

■ However, the foregoing conclusion does not mandate a precisely equal division of the pension in the property division yet to be effected by the trial court in this matter. In dissolution proceedings, the trial court must divide the marital property in a just and reasonable manner. Section 11(c) of the dissolution act requires that the court presume an equal division of marital property *absent rebuttal.* *Riddle v. Riddle* (1991), Ind.App., 566 N.E.2d 78, 80. Although Daryl's entire pension is before the dissolution court for consideration, either of the parties may offer evidence that an equal division of the entire pension value would be unreasonable. I.C. 31–1–11.5–11(c).[4] A trial court may, in the exercise of sound discretion, set aside to one spouse the value of his or her pension funds not acquired through the joint efforts of the spouses. *Lulay v. Lulay* (1991), Ind.App., 583 N.E.2d 171, 174.

The interlocutory order of the trial court is affirmed.

GARRARD, J., concurs.

RUCKER, J., concurs in result without opinion.

---

introduced to the Court and which is incorporated herein by reference." Record, p. 72 (Exhibit A).

**4.** I.C. 31–1–11.5–11(c) provides: "The court shall presume that an equal division of the marital property between the parties is just and reasonable. However, this presumption may be rebutted by a party who presents relevant evidence, including evidence concerning the following factors, that an equal division would not be just and reasonable:

(1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.

(2) The extent to which the property was acquired by each spouse prior to the marriage or through inheritance or gift.

(3) The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell in that residence for such periods as the court may deem just to the spouse having custody of any children.

(4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.

(5) The earnings or earning ability of the parties as related to a final division of property and final determination of the property rights of the parties."