In re The Marriage of Thomas Leo **MULLINS, Appellant–Respondent,**

v.

Diane Mullins **MATLOCK, Appellee–Petitioner.**

No. 64A03–9307–CV–00227.

Court of Appeals of Indiana, Third District.

Aug. 15, 1994.

Transfer Denied Dec. 14, 1994.

---

Christina J. Miller, Theodoros, Theodoros & Rooth, P.C., Merrillville, for appellant.

Duane W. Hartman, Blachly, Tabor, Bozik & Hartman, Valparaiso, for appellee.

HOFFMAN, Judge.

Appellant-respondent Thomas Leo Mullins appeals from a judgment modifying the dissolution order ending his marriage to appellee-petitioner Diane Mullins Matlock.

The facts relevant to this appeal disclose that Mullins and Matlock were married in August 1968. During their marriage, between March 24, 1975 and December 3, 1982, Mullins was employed by Continental Can Company, Inc. (Continental Can)

Shortly after Mullins' employment with Continental Can ended, a class action suit was brought by its former employees against the company for improper layoffs and firings. While this lawsuit was pending and while they were married, Matlock and Mullins periodically received information regarding its progress. However, at no time during their marriage was Mullins made a class member.

In July 1990, Matlock and Mullins were divorced. With the assistance of her attorney, the two parties prepared a property settlement agreement which was merged into the court's final order of dissolution. Although the Continental Can litigation was discussed during divorce negotiations, Mullins and Matlock determined that his interest in the lawsuit was negligible. As a result, no provision was included to address this issue.

In early 1991, Matlock received information that Mullins was to possibly become a member of the class. Acting on this information, in May 1991, she requested modification of the final dissolution order pursuant to Ind.Trial Rule 60(B)(1). Matlock claimed entitlement to one-half of Mullins' award.

After the Continental Can litigation was settled, on January 18, 1992, Mullins was made a member of the class. His share of the settlement was $47,500.00.

In July 1993, the trial court conducted a hearing on Matlock's motion. The trial court concluded that Mullins' award was "in the nature of either a pension and/or wages and subject to distribution as part of the marital estate." Accordingly, the dissolution order was modified to allow Matlock one-half of Mullins' award. This appeal ensued.

Mullins raises three issues on appeal. However, one issue is dispositive: whether the trial court erred by holding Mullins' award to be a marital asset subject to equal distribution.

■ Only property with a vested interest at the time of dissolution may be divided as a marital asset.

> See *Libunao v. Libunao* (1979), 180 Ind. App. 242, 388 N.E.2d 574, 577, *reh. denied* (court may consider future value of an asset but final distribution must be just and equitable in light of present vested interest of particular fund since a distribution based on contingent values could result in no distribution at all);
>
> *Savage v. Savage* (1978), 176 Ind.App. 89, 374 N.E.2d 536, 538–539 *trans. denied* (monthly pension payments did not qualify as "property" subject to equal distribution as a marital asset because husband had only contingent future interest rather than vested present interest in such payments);
>
> *Wilcox v. Wilcox* (1977), 173 Ind.App. 661, 365 N.E.2d 792, 795 (no present vested present interest in future earnings, thus, not properly considered "property" subject to distribution as marital asset).

A chose in action, not vested but rather contingent and speculative in nature and in value, is not capable of division and thus not marital property subject to equal distribution under the Dissolution of Marriage Act.

> See IND.CODE § 31–1–11.5–2(d) and § 31–1–11.5–11 (1988 Ed.);
>
> *Neffle v. Neffle* (1985), Ind.App., 483 N.E.2d 767, 771, *trans. denied;*
>
> *McNevin v. McNevin* (1983), Ind.App., 447 N.E.2d 611, 615–616.

■ Since Mullins did not become a member of the Continental Can class during the parties' marriage, his interest in the lawsuit was merely speculative and contingent. It was not vested property, capable of division at the time of their divorce. Thus, the trial court erred in modifying the final decree to allow Matlock an equal share of Mullins' settlement award. There being error, the decision of the trial court is reversed.

Reversed.

GARRARD, J., concurs.

STATON, J., dissents with opinion.

STATON, Judge, dissenting.

I dissent. The instant litigation concerns a property right (i.e., wages) which accrued during the parties' marriage; upon marital dissolution, all marital property is to be equitably divided pursuant to IND.CODE 31–1–11.5–11(b). The majority allows Mullins to unilaterally circumvent the clear objective of I.C. 31–1–11.5–11(b): property acquired as a result of the efforts expended by the parties during the marital relationship should be divided equitably upon marital dissolution.

Mullins was employed by Continental Can Company during the parties' marriage; the employees brought suit against Continental during the parties' marriage. The suit sought to recover wages due employees who had been laid off.

In class actions, eligible class members may initially elect to execute a Request for Exclusion from the Class, but later opt for inclusion. Once Mullins had received a favorable marital property settlement, he could opt for inclusion within the class of employees and pocket the proceeds ($47,500.00).

The majority states that Mullins' interest in the lawsuit was "speculative and contingent" because he did not become a member of the Continental Can class during the marriage. However, his right to collect full wages and to participate in the suit accrued during the marriage; he merely delayed the exercise of his rights.

A spouse may not selectively determine that some marital assets are to be included within the marital pot and others are not. *Huber v. Huber* (1992), Ind.App., 586 N.E.2d 887, 889, *trans. denied.* Likewise, a spouse should be unable to selectively change the character of an asset, rendering it "speculative" by his own action. Mullins should not be permitted to manipulate his assets in such a manner as to deprive his former spouse of her rightful share.