**Lori (Faust) MONTGOMERY,
Appellant–Petitioner,**

**v.**

**Dennis FAUST, Appellee–Respondent.**

**No. 85A04–0901–CV–32.**

Court of Appeals of Indiana.

July 29, 2009.

Krishna L. Lynn, Wabash, IN, Attorney for Appellant.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Petitioner, Lori (Faust) Montgomery (Wife), appeals the trial court's division of property arising from the dissolution of her marriage to Appellee–Respondent, Dennis Faust (Husband), and the trial court's denial of her petition for attorney fees.

We affirm in part, reverse in part, and remand with instructions.

### ISSUES

Wife presents two issues for our review, which we restate as:

(1) Whether the trial court abused its discretion in dividing the marital property; and

(2) Whether the trial court abused its discretion in denying her petition for attorney fees.

### FACTS AND PROCEDURAL HISTORY

Husband and Wife were married on May 12, 2003. On July 6, 2006, Wife filed a petition for dissolution of the marriage. On January 31, 2007, the trial court entered its Final Decree of Dissolution (Final Decree). The court wrote that its division of property was "intended to be substantially equal." (Appellant's App. p. 41). In a footnote to that sentence, however, the court wrote:

> While the division is intended to be substantially equal, due to the short duration of the marriage, the Court is setting off to each that property which they possessed and brought into the marriage and dividing equally only what was acquired during the marriage. Such set offs are reflected by an "x" in the respective columns.

(Appellant's App. p. 41). The property set off to Husband, and therefore not assigned values by the trial court, included 9.72 acres of land on Dora Road in Wabash, Indiana (Dora Road property), which was appraised at $42,500.00 in late 2006, and a Chevrolet truck, to which Wife assigned a value of $5,525.00. Wife appealed, and we reversed, holding that the trial court had abused its discretion by excluding from the marital pot the property that the parties had brought into the marriage. *Montgomery v. Faust*, No. 85A02–0707–CV–644, slip op. at 4–5, 883 N.E.2d 225 (Ind.Ct.App. March 18, 2008). We remanded the case to the trial court "with instructions to put all of the marital property, including property owned by Husband and Wife before the marriage, into the marital pot before determining the appropriate division." *Id.* at 6.

On June 18, 2008, the trial court issued its order on remand, which provided, in pertinent part:

Attached to this Order and incorporated herein is Exhibit A. The Court specifically finds that the [Dora Road property] and Chevrolet Truck owned by the Respondent prior to the marriage (Assets, Items #2 and #7, Exhibit A, respectively) as well as the balance of the Assets listed on Exhibit A are marital assets and the Court has included same in the marital pot and considered same in its distribution.

\* \* \* \*

However, due to the short duration of the marriage and that the [Dora Road property] and Chevrolet Truck, as well as the other Assets valued at "x" on Exhibit A, were owned by each party, as so indicated, prior to the marriage, the Court is returning such property to their possession and thereafter equitably dividing the remaining Assets and Debts on a substantially equal basis. After returning such property to the party bringing same into the marriage, the Court now reaffirms the distribution as made by Order dated January 31, 2007, . . . and notes that it results in an unequal distribution of *all* the marital assets/debts favoring the respondent but such is appropriate for the above stated reasons.

(Appellant's App. p. 8). The trial court also ordered Wife to pay Husband $5,451.52 as an equalization payment. On July 18, 2008, Wife filed a Motion to Correct Errors and a Petition for Attorney Fees. After a hearing, the trial court denied both.

Wife now appeals. Additional facts will be provided as necessary.

### DISCUSSION AND DECISION

■ Wife appeals both the trial court's division of the marital property on remand following the first appeal and the trial court's denial of her petition for the attorney fees arising from that appeal. As in the first appeal, Husband has not filed an appellate brief. When the appellee does not file a brief, we need not undertake the burden of developing an argument on the appellee's behalf. *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1068 (Ind.2006). Rather, the appellant needs only to present a case of *prima facie* error, which is defined in this context as "at first sight, on first appearance, or on the face of it." *Id.* (quoting *Santana v. Santana*, 708 N.E.2d 886, 887 (Ind.Ct.App.1999)).

### I. *Property Division*

■ Wife first argues that the trial court failed again on remand to properly include all marital assets, namely, the Dora Road property and the Chevrolet truck, in the marital pot. In our original opinion, we instructed the trial court "to put all of the marital property, including property owned by Husband and Wife before the marriage, into the marital pot before determining the appropriate division." *Montgomery*, No. 85A02–0707–CV–644, slip op. at 6. In its order on remand, the trial court stated that it included all of the marital assets "in the marital pot and considered same in its distribution." (Appellant's App. p. 8). Then, however, the trial court, citing the short duration of the marriage, stated that it was returning to each party all property that each owned prior to the marriage "and thereafter equitably dividing the remaining Assets and Debts on a substantially equal basis." (Appellant's App. p. 8). Wife contends that simply setting off such property in such a perfunctory manner "constitutes the type of systematic exclusion of assets" that we held to be an abuse of discretion in our original opinion. (Appellant's Br. p. 14). We agree. Purporting to put all marital assets into the marital pot but then

removing certain assets before dividing the rest is equivalent to excluding those assets from the pot in the first place.

■ The "one-pot" requirement is no mere technicality. When dividing marital property, the trial court must, at a minimum, be "sufficiently apprised of the approximate[ ] gross value of the marital estate." *Libunao v. Libunao*, 180 Ind.App. 242, 245, 388 N.E.2d 574, 576 (1979); *see also Howland v. Howland*, 166 Ind.App. 572, 579, 337 N.E.2d 555, 559 (1975) ("A trial court commits an abuse of discretion if it orders a property distribution without knowing the value of the property it is distributing."). The requirement that all marital assets be placed in the marital pot is meant to insure that the trial court first determines that value before endeavoring to divide property. In doing so, the trial court is compelled to confront the actual extent of the disparate treatment, if any, that results from its division of the property, rather than merely labeling the distribution "unequal," as the trial court did in this case. It is not enough for a trial court to simply say that its distribution is "unequal"; just as important is exactly how unequal the distribution is. As stated so eloquently by our colleague Senior Judge Patrick Sullivan nearly forty years ago:

> First and most elemental in any fair, equitable distribution of property is a knowledge of the totality of the property in which the parties to the divorce hold an interest. The award of a single peppercorn to a bestial husband-defendant may be wholly shocking to the conscience if the sum total of the property of the marriage or of the parties thereto is that single peppercorn. On the other hand, an award of a million dollars to a cuckold but loving and devoted husband, who solely by reason of permanent physical disablement is without property or income, may be a mere pittance if the adulterous wife owns independently, a majority of the shares of General Motors, I.B.M. and A.T. & T., the Hope Diamond, the State of Texas and lifetime 50–yard line seats to all Notre Dame football games.

*Hardiman v. Hardiman*, 152 Ind.App. 675, 682, 284 N.E.2d 820, 824–25 (1972). In short, knowing the numerical split of the entire estate might alter the trial court's view of the appropriateness of its property division. Having the trial court determine the total value of the marital estate also facilitates appellate review of the trial court's property division. Appellate courts are ill-equipped to determine the value of specific assets or of the total marital estate in the first instance, so it is vital to our review to have the trial court do so.

■ Wife also argues that the trial court, having failed to include all marital assets in the marital pot, further abused its discretion by failing to adequately consider all of the factors listed in Indiana Code section 31–15–7–5. Again, we conclude that Wife has established *prima facie* error in this regard.

■ In dividing marital property, the trial court shall presume that an equal division of the marital property between the parties is just and reasonable. Ind. Code § 31–15–7–5. This presumption may be rebutted, however, by evidence that an equal division would not be just and reasonable. *Id.* This can include evidence of the following factors:

(1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.

(2) The extent to which the property was acquired by each spouse:

   (A) before the marriage; or

   (B) through inheritance or gift.

(3) The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell in the family residence for such periods as the court considers just to the spouse having custody of any children.

(4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.

(5) The earnings or earning ability of the parties as related to:

    (A) a final division of property; and

    (B) a final determination of the property rights of the parties.

*Id.* In dividing marital property, the trial court must consider all of these factors, but it is not required to explicitly address all of the factors in every case. *Eye v. Eye,* 849 N.E.2d 698, 701–02 (Ind.Ct.App. 2006). To the contrary, we presume that the trial court considered these factors. *Hatten v. Hatten,* 825 N.E.2d 791, 794 (Ind.Ct.App.2005). This is one of the strongest presumptions applicable to our consideration on appeal. *Id.*

As we have seen, however, this presumption may be rebutted. In *Eye,* the trial court awarded most of the marital property to the husband. In doing so, the trial court relied almost exclusively on the fact that the majority of the marital property had been inherited by or gifted to the husband. On appeal, we were unable to infer from the trial court's findings that it had considered the other statutory factors, and we therefore held that the trial court had abused its discretion in dividing the marital property. *Id.*

We are likewise unable to infer from the trial court's orders in this case that it considered all of the statutory factors. The trial court made a passing reference to the contributions of each party in its original decree, but the overriding factors in both the original decree and the order on remand were the duration of the marriage (three years) and the fact that the parties owned much of their property before the marriage. There is nothing in either order to suggest that the trial court considered the present economic circumstances of each spouse, the future earnings ability of each spouse, or the conduct of the parties during the marriage as related to the disposition or dissipation of their property. *Cf. Eye,* 849 N.E.2d at 703.

The above discussion reveals *prima facie* error in the trial court's division of the marital property. However, in the interest of judicial economy, we decline to order further proceedings before the trial court. Instead, we remand with instructions to the trial court to eliminate the equalization payment from Wife to Husband from its dissolution decree, which we conclude will result in a just and reasonable division of the marital property.

## II. *Attorney Fees*

Wife also makes a brief argument that the trial court abused its discretion by denying her petition for attorney fees. Wife is specifically seeking the fees that arose from her first appeal in this case, which resulted in a remand to the trial court. It is true that a trial court may, under Indiana Code section 31–15–10–1, order a party in a dissolution proceeding to pay a reasonable amount of the attorney fees of the other party. However, that statute affords the trial court broad discretion in assessing such fees, and we will not disturb the trial court's decision absent an abuse of discretion. *Thomas v. Abel,* 688 N.E.2d 197, 202 (Ind. Ct.App.1997), *reh'g denied.* Wife's one-paragraph argument in this regard, lacking even a single citation to the record on appeal, has failed to persuade us that the

trial court abused its discretion in this case.

### CONCLUSION

Based on the foregoing, we conclude that Wife has again established *prima facie* error in the trial court's division of the marital property. We remand to the trial court with instructions to eliminate the equalization payment from Wife to Husband. However, we affirm the trial court's denial of Wife's petition for an award of attorney fees arising from her first appeal in this case.

Affirmed in part, reversed in part, and remanded with instructions.

KIRSCH, J., and MATHIAS, J., concur.