**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**CASEY CLOYD**
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**MARK PEDEN**
Martinsville, Indiana



FILED

Feb 28 2013, 9:23 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| F.E., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 55A01-1207-DR-311 |
| | ) | |
| J.E., | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MORGAN SUPERIOR COURT
The Honorable Thomas Gray, Judge
Cause No. 55C01-1104-DR-755

**February 28, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

STATEMENT OF THE CASE

F.E. ("Father") appeals the trial court's decree and property disposition order in the dissolution of his marriage to J.E. ("Mother").

We affirm in part, reverse in part, and remand.

ISSUES

1. Whether the trial court erred in not making a written finding to support its restriction of Father's visitation time;

2. Whether the trial court erred in ordering an unequal division of the marital property; and

3. Whether the trial court erred in ordering Father to pay for repairs to a vehicle awarded to Mother as part of the division of marital property.

FACTS

Father and Mother were married on September 24, 1994 and were legally separated on April 14, 2011 after Mother discovered that Father had viewed pornography on the family's computer. Five children were born of the marriage: C.E., on May 9, 1996; A.E., on September 22, 1999; B.E., on September 25, 2003; W.E., on March 28, 2007; and E.E., on April 1, 2009.

The trial court agreed to conduct an in-camera interview of C.E. and A.E. During her case in chief, Mother offered into evidence a document, Exhibit 35, summarizing fifty-one statements made by C.E. and A.E. about their interactions with Father. Father objected that Exhibit 35 contained hearsay statements, and the trial court "let [the exhibit] in over objection as a summary of hearsay statements solely for background information

2

for the Court and its in-camera conversation with the children." (Tr. 124). Immediately after Exhibit 35 was admitted, Mother's attorney informed the court that he was going to ask Mother about some of the "high points" covered in the document. *Id.* Father did not object to Mother's subsequent lengthy testimony about interactions between Father and each of the children.

Father and Mother informed the trial court that Father worked as a bilingual assistant in a local school system, earning approximately $22.32 per hour. Father also earned approximately $300.00 per week at a part-time job. Mother was a stay-at-home parent, and she home schooled the five children. Mother did not immediately plan to work after the divorce; instead, she planned to continue home schooling her children while living on child support and any cash received in the property division.

Additional testimony from the parties informed the court that Mother was in possession of a 2007 Chevrolet Tahoe and that Father was in possession of a 1999 Ford Expedition. The parties also testified about various accounts that each controlled.

After hearing the evidence and interviewing C.E. and A.E., the trial court entered a dissolution decree that includes the following findings:

> [Mother] shall have full legal and physical custody of the minor children . . . .

> [Father] shall have visitation every Wednesday evening from 5:00 to 8:00 p.m. and on every Saturday from 9:00 a.m. to 5:00 p.m., with [A.E., B.E., W.E. and E.E.] [C.E.] shall not be required to visit with Father unless she desires.

> * * * *

3

> [Mother] shall have as her property the 2007 Chevrolet Tahoe and the value assigned to the Tahoe shall be $25,825. [Mother] shall be responsible for paying the balance of the debt to PNC Bank in the approximate amount of $15,636.46.
>
> * * * *
>
> Court also finds that the overall division of net assets will be 60% to [Mother] and 40% to [Father].

(App. 10-13). In a subsequent property division order, the trial court found that Mother's 60 percent of the net marital estate totaled $68,208.10, which required Father to pay her $23,863.43 in cash within 90 days of the order. (App. 17).

Father now appeals.

1.      Father's Visitation Rights

Father challenges the trial court's order as it pertains to his parenting time. Specifically, Father argues that the trial court failed to make a specific finding to support the limitation upon Father's visitation rights.

Upon review of a trial court's determination of a visitation issue, we reverse only when the trial court manifestly abuses its discretion. *Lasater v. Lasater*, 809 N.E.2d 380, 400 (Ind. Ct. App. 2004). No abuse of discretion occurs if there is a rational basis in the record supporting the trial court's determination. *Id.* Indiana "has long recognized that the right of parents to visit their children is a precious privilege which should be enjoyed by noncustodial parents." *Hanson v. Spolnik*, 685 N.E.2d 71, 79 (Ind. Ct. App. 1997), *trans. denied*. As a result, a noncustodial parent is generally entitled to reasonable

4

visitation rights. *Id.* However, the right of visitation is subordinated to the best interests of the children. *Id.*

Indiana Code § 31-17-4-1(a) defines the visitation rights of a noncustodial parent and provides that a non-custodial parent "is entitled to reasonable parenting time rights unless the court finds, after a hearing, that parenting time by the noncustodial parent might endanger the child's physical health or significantly impair the child's emotional development." In addition, the Preamble to the Indiana Parenting Time Guidelines states that "[t]he purpose of these guidelines is to provide a model which may be adjusted depending upon the unique needs and circumstances of each family." Subsection 2 of the "Scope of Application" specifies that "[t]here is a presumption that the Indiana Parenting Time Guidelines are applicable in all cases covered by these guidelines. Any deviation from these guidelines by either the parties or the court must be accompanied by a written explanation indicating why the deviation is necessary or appropriate in the case." Thus, even though the parties in this case did not request written findings, such findings are required on this issue because the trial court's dissolution decree deviates significantly from the aforementioned statute and the Indiana Parenting Guidelines.[1]

Father argues that there is no admissible evidence that supports the trial court's finding on visitation; therefore, Father maintains that a remand to the trial court is unwarranted. Father contends that the only evidence pertaining to the visitation issue is

---

[1] Mother argues that a statement made by the trial court from the bench at the end of the dissolution hearing is sufficient to support its visitation order. The statement, however, does not assist in our review of this issue.

5

either extra-judicial or hearsay. Father correctly argues that a judgment based solely upon extra-judicial inquiry, such as an in-camera interview, cannot stand. Father's Br. at 11 (citing *Truden v. Jaquay*, 480 N.E.2d 974, 979 (Ind. Ct. App. 1985)). Father fails, however, to convince us that there is no other evidence upon which the trial court's judgment could have been premised. Specifically, Father fails to convince us that his objection to the admission of Exhibit 35 was also an objection to Mother's subsequent lengthy hearsay testimony regarding interactions between Father and each of the children. When a party fails to object to the admission of evidence at trial, the issue of admission cannot be raised on appeal. *Raess v. Doescher*, 883 N.E.2d 790, 796 (Ind. 2008). In addition, some of Mother's testimony, including testimony concerning what she considered to be improper "hugging" of C.E. by Father, was not hearsay. (Tr. 135-36).

However, because there are no written findings, we are unaware of what facts, if any, formed the basis for the trial court's parenting time award. Therefore, we remand to the trial court for the issuance of written findings supporting its parenting time order or for an award of standard parenting time under the guidelines.

2.  Disproportionate Division of the Marital Estate

Father contends that the trial court erred in not making a specific written finding as to why a 60/40 split of the net marital estate was warranted. Father cites *Chase v. Chase*, 690 N.E.2d 753, 756 (Ind. Ct. App. 1998) and *In re Marriage of Davidson*, 540 N.E.2d 641, 646 (Ind. Ct. App. 1989) in support of his contention.

Indiana Code § 31-15-7-5 provides that the trial court shall presume that an equal division of the marital property is just and reasonable. The statute also provides that the presumption may be rebutted by a party who presents evidence which, among other things, shows the economic circumstances of each spouse at the time of the disposition of the property is to become effective and the earnings or earning ability of the parties as related to a final determination of the property rights of the parties. Ind. Code § 31-15-7-5(3) and (5).

Although the trial court must consider all the factors listed in Indiana Code § 31-15-7-5, it is not required to explicitly address all of the factors in every case. *Montgomery v. Faust*, 910 N.E.2d 234, 239 (Ind. Ct. App. 2009). To the contrary, we presume that the trial court considered these factors. *Id*. Here, unlike in the cases cited by Father, we do not have to speculate as to the trial court's reasoning. The trial court stated from the bench that its judgment was based upon the earning ability of the parties at the time of the final determination of the property rights of the parties. Where, as here, Father did not request specific findings, there is no requirement that the trial court's findings be written. The trial court's statement from the bench is sufficient to support its judgment regarding the division of marital property.

3.      Court Ordered Damages

Father contends that the trial court erred in ordering him to pay for damage to the Chevrolet Tahoe. We agree.

A trial court has broad discretion in ascertaining the value of the property in a dissolution matter. *O'Connell v O'Connell*, 889 N.E.2d 1, 13 (Ind. Ct. App. 2008). The property valuation must be supported by sufficient evidence and reasonable inferences therefrom. *Frazier v. Frazier*, 737 N.E.2d 1220, 1225 (Ind. Ct. App. 2000).

In its dissolution decree, the trial court determined the gross value of the vehicle to be $25,825.00 In Finding #14 of its property division order, the trial court found the net value of the Chevrolet Tahoe awarded to Mother to be $10,188.54. In Finding #23, the trial court ordered Father to "reimburse [Mother] for the damage to the Tahoe in the amount of $1,280.57." (App. 17). Any damage to the Tahoe would have been expressed in the gross value of the vehicle. Accordingly, there is no basis for the subsequent damage award.

## CONCLUSION

We affirm the trial court's order deviating from the statutory presumption provided in Indiana Code § 31-15-7-5. We reverse and remand with instructions that the trial court vacate Finding #23 of its property division order. Furthermore, we remand for the trial court to make written findings as directed in our discussion of Issue 1.

Affirmed in part, reversed in part, and remanded.

ROBB, C.J., and MAY, J., concur.