**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Nov 26 2013, 5:31 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DAVID W. STONE IV**
Stone Law Office and Legal Research
Anderson, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE THE MARRIAGE OF SCOTT ROLL and CAROL ROLL, | ) ) ) | |
| CAROL ROLL, | ) ) | |
| Appellant-Respondent, | ) ) | |
| vs. | ) ) | No. 27A02-1303-DR-247 |
| SCOTT ROLL, | ) ) | |
| Appellee-Petitioner. | ) | |

**APPEAL FROM THE GRANT SUPERIOR COURT**
The Honorable Jeffrey D. Todd, Judge
Cause No. 27D01-1108-DR-832

**November 26, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Carol Roll (Wife) appeals the terms of the dissolution of her marriage to Scott Roll (Husband). She presents three issues for our consideration:

1.      Whether the trial court abused its discretion when it did not consider Husband's Veteran's Administration Disability Benefits to be marital property;

2.      Whether the trial court abused its discretion when it included Wife's health savings account as marital property; and

3.      Whether the trial court was required to assign values to the assets awarded to each party, in order to demonstrate the unequal distribution of property.

We affirm in part, and remand.

## FACTS AND PROCEDURAL HISTORY

Husband and Wife married on August 30, 1980. Husband filed for dissolution on August 16, 2011. On September 10, 2012, the trial court held a final hearing to divide the assets and debts of the parties. Both parties presented evidence regarding the value of various items. On October 2, the trial court entered a decree of dissolution, indicating the property distribution between the parties was unequal due to Wife's less favorable economic circumstances. The trial court issued an amended decree on October 5.

On October 31, Wife filed a motion to clarify the property division, to account for assets not included in the original decree, and to require Husband to divulge additional assets Wife claimed he possessed. Wife filed amended motions on November 2. On February 13, 2013, the trial court issued an order conveying certain property to Husband, providing for division of a coin collection, and ordering Wife to pay certain expenses as ordered in earlier

2

Provisional Orders. As part of its order on Wife's motion to clarify and motion to correct error, the trial court issued a second amended decree of dissolution, which included the assets not included in the earlier decree and corrected the clerical errors Wife asserted in her motion to clarify.

## DISCUSSION AND DECISION

Husband did not file an appellee's brief. When an appellee does not submit a brief, we do not undertake the burden of developing arguments for that party. *Thurman v. Thurman*, 777 N.E.2d 41, 42 (Ind. Ct. App. 2002). Instead, we apply a less stringent standard of review and may reverse if the appellant establishes *prima facie* error. *Id*. *Prima facie* error is "error at first sight, on first appearance, or on the face of it." *Van Wieren v. Van Wieren*, 858 N.E.2d 216, 221 (Ind. Ct. App. 2006).

A trial court has broad discretion in ruling on a motion to correct error. *Volunteers of Am. v. Premier Auto Acceptance Corp.*, 755 N.E.2d 656, 658 (Ind. Ct. App. 2001). We will reverse only for an abuse of that discretion. *Id*. An abuse of discretion occurs if the decision was against the logic and effect of the facts and circumstances before the court or if the court misapplied the law. *Id*.

Indiana subscribes to the "one-pot" theory of marital possessions, *Fobar v. Vonderahe*, 771 N.E.2d 57, 58 (Ind. 2002), and thus the marital estate is presumed to include all property owned by either spouse prior to marriage, acquired by either spouse in his or her own right after the marriage and prior to final separation of the parties, or acquired by their joint efforts. Ind. Code § 31-15-7-4(a). When dividing marital assets, an equal distribution

3

is presumed just and reasonable, unless the presumption is rebutted by evidence regarding:

> (1) The contribution of each spouse to the acquisition of property, regardless of whether the contribution was income producing.
> (2) The extent to which the property was acquired by each spouse:
> > (A) before the marriage; or
> > (B) through inheritance or gift.
> (3) The economic circumstances of each spouse at the time the disposition of the property is to become effective[.]

Ind. Code § 31-15-7-5. The division of marital assets is within the sound discretion of the trial court, and we will reverse only upon an abuse of that discretion. *DeSalle v. Gentry*, 818 N.E.2d 40, 44 (Ind. Ct. App. 2004).

    1.    <u>Husband's Veteran's Administration isability Benefits</u>

Wife argues the trial court abused its discretion when it did not consider Husband's Veteran's Administration (VA) Disability Benefits as an "economic circumstance" relevant to whether the marital pot should be distributed unequally pursuant to Ind. Code § 31-15-7-5. However, the record indicates the court, in fact, did consider the disparity in the parties' incomes when dividing the estate.

During the evidentiary hearing, the following exchange occurred between Wife and her counsel:

> [Counsel]: . . . We're asking the Court to make a different consideration due to the economic circumstances. Is that right?
> [Wife]: Correct.
> [Counsel]: Okay. Um, your husband is receiving each month in excess of three thousand [dollars] [in VA Disability Benefits] as opposed to your eight hundred [dollars] [in retirement pension]. Is that right?
> [Wife]: Correct.
> [Counsel]: So you're asking the court to take that into consideration when dividing up the marital assets and marital debts. Is that correct?

4

[Wife]: Correct.

(Tr. at 82 - 3.) In its Decree of Dissolution of Marriage, the trial court found:

> Based upon the evidence and the statutory factors to be considered by the Court, there should be a slightly unequal distribution of the marital estate in favor of Wife due to the less favorable economic circumstances Wife will experience at the time the disposition of the property will become effective.

(App. at 26.) As it appears the trial court considered Wife's economic circumstances, including the disparity between the amount she received per month from her retirement account and the amount Husband received from his VA Disability Benefits, when unequally dividing the marital pot, Wife has not demonstrated an abuse of discretion.

    2.    <u>Wife's Health Savings Account</u>

Wife argues the trial court abused its discretion when it included in the marital pot her Marion Community Schools Health Savings Plan, which she received as a retirement benefit. She contends the account is not marital property because she may access those benefits only in the event of a medical need. We disagree.

> Pursuant to Ind. Code § 31-9-2-98(h), property, for the purposes of dissolution, is:
>
> all assets of either party or both parties, including:
> (1) a present right to withdraw pension or retirement benefits;
> (2) the right to receive pension or retirement benefits that are not forfeited upon termination of employment or that are vested (as defined in Section 411 of the Internal Revenue Code) but that are payable after the dissolution of marriage; and
> (3) the right to receive disposable retired or retainer pay (as defined in 10 U.S.C. § 1408(a)) acquired during the marriage that is or may be payable after the dissolution of marriage.

Our Indiana Supreme Court discussed how heath care benefits fit into this statute in *Bingley*

5

*v. Bingley*, 935 N.E.2d 152 (Ind. 2010). There, the husband argued his health benefits, which were a part of his retirement benefits, were not marital assets because he could not "transfer or alienate them[,]" *id*. at 156, and thus he could not "dispose of his health insurance benefits to generate cash to pay [Wife] in order to achieve a just and proper distribution [of marital assets]." *Id*. at 156-57. The Court determined the illiquidity of an asset is irrelevant to its inclusion in the marital pot, though it is relevant to the value of the asset. The Court went on to hold the health insurance benefits were assets of the marriage, pursuant to Ind. Code § 31-9-2-98(b), because the husband

> has a right to the medical services his health insurance will cover for the rest of his life. Because [employer] has assumed a monthly liability that [husband] would otherwise have had to bear, [husband's] health insurance benefits more closely resemble a right to future pension payments, which the Court of Appeals described as an intangible asset in *[In re Marriage of] Preston*, 704 N.E.2d [1093,] 1097 [(Ind. Ct. App. 1999)].

*Id*. at 156.

The same rationale applies in the instant case. Wife's health savings account was a marital asset similar to a future pension payment, and thus the trial court did not abuse its discretion when it included it as part of the marital property. However, as we will explain below, the trial court did err when it did not attach a value to the account.

3. Valuation of Assets in Final Decree

Wife argues the trial court was obliged to assign values to the items in the marital pot in order to demonstrate unequal division of the marital pot. We agree. In *Montgomery v. Faust*, 910 N.E.2d 234 (Ind. Ct. App. 2009), the trial court's order indicated the property

distribution was unequal, but the court had not assigned values to the assets and debts.  We held:

> In short, knowing the numerical split of the entire estate might alter the trial court's view of the appropriateness of its property division.  Having the trial court determine the total value of the marital estate also facilitates appellate review of the trial court's property division.  Appellate courts are ill-equipped to determine the value of specific assets or of the total marital estate in the first instance, so it is vital to our review to have the trial court do so.

*Id*. at 238.  Such is the case here.

In its order dividing the Rolls' marital property, the trial court stated: "Conflicting evidence was presented with regard to the extent and value of the marital estate." (App. at 26.)  The court assigned items to Wife and Husband without assigning a value to those items.  However, the parties had attributed different values to a number of those items, which leaves us unable to determine whether or to what extent the trial court divided the marital estate unequally.  Further, in its order regarding Wife's motion to correct error, which requested inclusion of items not listed in the original decree, the court again did not explain the extent to which the division of the marital pot was unequal.

As we are unable to ascertain from the court's order the valuation of the marital estate and the extent to which its distribution is unequal, Wife has demonstrated *prima facie* error, and we remand for more specific findings.  *See Montgomery*, 910 N.E.2d at 238 (failure to include property values in final decree was *prima facie* error requiring remand for additional findings).

7

**CONCLUSION**

The trial court considered Husband's VA Disability Benefits, and did not abuse its discretion when it included Wife's health savings account as marital property. However, the trial court did err when it did not attach specific values to the assets and debts awarded to each party in its unequal distribution. Accordingly, we affirm in part, and remand for more specific findings.

Affirmed in part, remanded.

BAILEY, J., and BRADFORD, J., concur.