## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 23 2017, 8:47 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Dylan A. Vigh
Law Offices of Dylan A. Vigh, LLC
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Paul J. Watts
Watts Law Office, P.C.
Spencer, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Adrianne R. Helton,

*Appellant-Respondent,*

v.

Timothy Joseph Helton,

*Appellee-Petitioner.*

June 23, 2017

Court of Appeals Case No.
60A05-1609-DR-2202

Appeal from the Owen Circuit Court

The Honorable Kelsey B. Hanlon, Special Judge

Trial Court Cause No.
60C02-1401-DR-5

**Bradford, Judge.**

# Case Summary

In 2002, Appellant-Respondent Adrianne Helton ("Wife") and Appellee-Petitioner Timothy Helton ("Husband") married and, in 2007 and 2008, built the marital residence ("the House") on land that they believed was owned by Husband's father. In 2010, the parties learned that the land on which the House was built actually belonged to a neighbor. In 2014, Husband petitioned for dissolution of the marriage, and the parties' marriage was dissolved in 2016. In dividing the marital estate, the trial court, *inter alia*, found that the parties had no present ownership interest in the House and therefore did not include it in the marital estate. Wife contends that the trial court abused its discretion in failing to account for Husband's continued use and occupation of the House. Because Wife did not make this argument in the trial court, she has waived it for our consideration, and we affirm.

# Facts and Procedural History

Husband and Wife were married on June 22, 2002. In late 2007, the couple decided to build the House on land they believed to be owned by Husband's father. The couple executed a land contract with Husband's father for approximately $35,000.00, and Husband built the House as funds became available over the course of three to six months. In 2010, Husband discovered that the land upon which the House had been built was not, in fact, owned by his father, but by a neighbor. At that point, Husband and Wife ceased making payments on the land contract. Husband and Wife separated in November of

2013, and, on January 21, 2014, Husband petitioned for dissolution of the parties' marriage. On May 23, 2016, the trial court held a hearing at which the division of the marital estate was the main issue. Husband testified, *inter alia*, that he continued to live in the House, pay property tax, pay for improvements, and pay for insurance.

[3] On August 30, 2016, the trial court issued its order on the division of marital property. The order provides, in part, as follows:

#### FINDINGS OF FACT

….

6. The [House] is located at 1549 Quincy Road, Quincy, Indiana 47456. In 2007, the parties entered into an agreement with [Husband's] father to build that residence and purchase the property on contract. Sometime in 2010 it came to the parties' attention that the land upon which the residence is located is not owned by [Husband's] father but by a neighbor. Upon learning of the mistake, the parties quit making payments on the land purchase contract and that contract is no longer in effect. The parties have no present ownership interest in the property and the statutory time period to establish adverse possession has not yet elapsed.

….

#### CONCLUSIONS OF LAW

….

6. An established foundation of Indiana family law and martial property distribution is that only property with a vested interest at the time of dissolution may be divided as a marital asset. *Vadas v. Vadas*, 762 N.E.2d 1234, 1235 (Ind. 2002), citing *Mullins v. Matlock*, 638 N.E.2d 854, 856 (Ind. Ct. App. 1994). A vested interest is defined as an interest for which the right to its enjoyment, either present or future, is not subject to the happening of a condition precedent. *Interest, Black's Law*

*Dictionary* (10th ed. 2014). This line of reasoning helps promote predictability, consistency and efficiency by excluding remote and speculative interests from the marital estate. *Vadas*, 762 N.E.2d at 1235. The parties have no vested interest in the Quincy residence or real estate.

Appellant's App. Vol. II pp. 13-16. Wife contends that the trial court abused its discretion in declining to consider the value of Husband's continued use and occupation of the House in dividing the marital estate.

# Discussion and Decision

[4] The trial court entered findings of fact and conclusions of law pursuant to Indiana Trial Rule 52.

> When a court has made special findings of fact, an appellate court reviews sufficiency of the evidence using a two-step process. "First, it must determine whether the evidence supports the trial court's findings of fact; second, it must determine whether those findings of fact support the trial court's conclusions of law." *Estate of Reasor v. Putnam County*, 635 N.E.2d 153, 158 (Ind. 1994) (citation omitted). Findings will only be set aside if they are clearly erroneous. *Id.* "Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference." *Id.* (citation omitted). A judgment is clearly erroneous if it applies the wrong legal standard to properly found facts. *State v. Van Cleave*, 674 N.E.2d 1293, 1296 (Ind. 1996), *reh'g granted in part*, 681 N.E.2d 181 (Ind. 1997). In order to determine that a finding or conclusion is clearly erroneous, an appellate court's review of the evidence must leave it with the firm conviction that a mistake has been made. *Id.* at 1295.

*Yanoff v. Muncy*, 688 N.E.2d 1259, 1262 (Ind. 1997). "On appellate review, however, a trial court judgment may be affirmed if sustainable on any basis in the record, even though not on a theory used by the trial court." *Benham v. State*, 637 N.E.2d 133, 138 (Ind. 1994).

## Division of the Marital Estate

[5] Mother contends that the trial court abused its discretion in failing to consider Husband's continued use and occupation of the House in dividing the marital estate. Our standard of review for a division of a marital estate is deferential:

> We apply a strict standard of review to a dissolution court's distribution of property. *Wallace v. Wallace*, 714 N.E.2d 774, 781 (Ind. Ct. App. 1999), *trans. denied.* The party challenging the property division must overcome a strong presumption that the court complied with the statute and considered the evidence on each of the statutory factors. *Id.* The presumption that a dissolution court correctly followed the law and made all the proper considerations in crafting its property distribution is one of the strongest presumptions applicable to our consideration on appeal. *Id.*
>
> We will reverse a property distribution only if there is no rational basis for the award; that is, if the result reached is clearly against the logic and effect of the facts and circumstances before the court, including the reasonable inferences to be drawn therefrom. *Id.* at 781-82. In so determining, we cannot reweigh the evidence, and consider only the evidence favorable to the dissolution court's decision. *Cowden v. Cowden*, 661 N.E.2d 894, 895 (Ind. Ct. App. 1996). We will also reverse where the trial court has misinterpreted the law or has disregarded evidence of statutory factors. *Wallace*, 714 N.E.2d at 782. However, that the same circumstances may have justified a different property

distribution will not permit us to substitute our judgment for that of the divorce court. *Id.*

*Wilson v. Wilson*, 732 N.E.2d 841, 844 (Ind. Ct. App. 2000), *trans. denied*.

[6]     The trial court excluded the House from the marital estate because it concluded that neither party had any vested interest in it. There is sufficient evidence to support this conclusion, which, indeed, Wife does not contest on appeal.

[7]     Quite apart from the question of ownership of the House, Wife's specific contention on appeal is that the trial court abused its discretion in failing to consider Husband's continued use and occupancy of the House in dividing the marital estate. Wife, however, did not make this argument in the trial court, nor was there any evidence presented by either party touching on the value of Husband's use and occupancy of the House. Wife may not now raise this issue for the first time on appeal.

> It has long been the general rule in Indiana that an argument or issue presented for the first time on appeal is waived for purposes of appellate review. *See, e.g.*, *Plank v. Cmty. Hospitals of Ind., Inc.*, 981 N.E.2d 49, 53 (Ind. 2013) ("[A]ppellate review presupposes that a litigant's arguments have been raised and considered in the trial court."); *Ind. Dep't of Envtl. Mgmt. v. Raybestos Prods. Co.*, 897 N.E.2d 469, 474 (Ind. 2008) ("Generally, an appellate court will not review an issue that was not presented to the trial court."), *corrected on reh'g,* 903 N.E.2d 471 (Ind. 2009); *Troxel v. Troxel*, 737 N.E.2d 745, 752 (Ind. 2000) ("A party may not raise an issue for the first time in a motion to correct error or on appeal."); *Franklin Bank & Trust Co. v. Mithoefer*, 563 N.E.2d 551, 553 (Ind. 1990) ("A party cannot change its theory and on appeal argue an issue which was not properly presented to the trial court."); *Indianapolis Newspapers, Inc. v. Fields,* 254 Ind. 219, 260, 259

N.E.2d 651, 670 (1970) ("We do not review issues presented for the first time on appeal except to avoid grave injustice.").

*Ind. Bureau of Motor Vehicles v. Gurtner*, 27 N.E.3d 306, 311 (Ind. Ct. App. 2015).

[8] Wife has waived her only claim on appeal for our review. Therefore, the judgment of the trial court is affirmed.

[9] Najam, J., and Riley, J., concur.